## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **IVORY DEWS,** | : | |
| **Petitioner** | : | **Civil Action No. 08-1249 (RMC)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN STANELY WALDERN, et. al.,** | : | |
| **Respondents** | : | |

### UNITED STATES PAROLE COMMISSION'S OPPOSITION TO PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

The United States Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully files its opposition to the petitioner's pro se petition for a writ of habeas corpus. As grounds to support his petition, the petitioner claims that because he has completed service of his sentences in F4446-79 and F7643-91, the U.S. Parole Commission ("the Commission") has illegally extended his sentence and thus he is being illegally held beyond the expiration of his sentence. The petitioner has failed to account for the forfeiture of time he spent on parole each time his parole has been revoked, which has caused his full-term sentence date to be extended. Thus, the petitioner has not completed service of his sentences and the petitioner's petition should be summarily denied.

### BRIEF PROCEDURAL HISTORY

The petitioner, Ivory Dews, was sentenced on November 7, 1979, in Superior Court Case F4446-79 to an aggregate term of incarceration of seven to eighteen years, for assault with intent to commit robbery, attempted robbery, and carrying a pistol without a license. See Exhibit 1 (Judgment and Commitment Order). The petitioner was paroled by the D.C. Board of Parole ("the Board") on October 10, 1984, and was to remain under parole supervision until August 10,

1994.  See Exhibit 2 (Certificate of Parole).

On May 6, 1985, the Board issued a parole violator warrant, charging the petitioner with violating the conditions of his parole.  See Exhibit 3 (Board Summary Transcript).  After being given a parole revocation hearing by the Board on August 23, 1985, the petitioner's parole was revoked on August 26, 1985.  See Exhibit 3 and  Exhibit 4 (Board Order).  The petitioner was re-paroled by the Board on September 30, 1985, and was to remain under parole supervision until March 17, 1995, his new full-term sentence date.  See Exhibit 5 (Certificate of Parole).

The Board issued another parole violator warrant, which was executed on March 27, 1986.  See Exhibit 6 (Board Summary Transcript).  The petitioner received his revocation hearing on May 23, 1986, and his parole was revoked on May 27, 1986.  See Exhibit 6 and Exhibit 7 (Board Order).  The petitioner was re-paroled for a third time on January 13, 1987, and was to remain under parole supervision until September 12, 1995, his new full-term sentence date.  See Exhibit 8 (Certificate of Parole).

On April 8, 1987, the Board issued another parole violator warrant, and the petitioner's parole was revoked on February 22, 1988.  See Exhibit 9 (Board Summary Transcript) and Exhibit 10 (Board Order). The petitioner was re-paroled on September 16, 1988, with a new full-term sentence date of December 9, 1995.  See Exhibit 11 (Certificate of Parole).

The Board issued yet another parole violator warrant on March 1, 1989, which was executed on March 17, 1989.  See Exhibit 12 (Board Post-Release Determination Record).  After conducting a parole revocation hearing on April 4, 1989, the Board revoked the petitioner's parole on April 15, 1989.  See Exhibit 12 and Exhibit 13 (Board Order).  The petitioner was re-paroled on July 31, 1990, with a new full-term sentence date of December 24, 1995.  See Exhibit 14

(Certificate of Parole).

While on parole, the defendant was sentenced on March 23, 1992, in F7643-91 to an aggregate term of imprisonment of 4 ½ to 13 ½ years for committing the offense of unlawful distribution of cocaine while on release, to run consecutively to any other sentence. See Exhibit 15 (Judgment and Commitment Order for F7643-91).

A parole violator warrant was executed on July 3, 1991, based, in part, on the petitioner's arrest in F7643-91, and the petitioner was given a revocation hearing by the Board on April 16, 1992. See Exhibit 16 (Board Post-Release Determination Record). The Board revoked the petitioner's parole on April 24, 1992. See Exhibit 17 (Notice of Board Order). The petitioner was re-paroled for the sixth time on June 30, 1995, with a new full-term sentence date of July 8, 2009. See Exhibit 18 (Certificate of Parole).

The U.S. Parole Commission issued a parole violator warrant on March 13, 2001, which was executed on October 9, 2001. See Exhibit 19 at p. 2 (Commission Institutional Revocation Prehearing Assessment).[1] The petitioner was given a parole revocation hearing by a Commission's hearing examiner on January 24, 2002. See Exhibit 20 (Revocation Hearing Summary). On February 14, 2002, the Commission revoked the petitioner's parole, denied credit for all of the time the petitioner had spent on parole and established a re-parole date of April 26, 2002, after the service of 12 months. See Exhibit 21 (Notice of Action). The petitioner was re-paroled on April 26, 2002, with a new full-term sentence date of October 16, 2015. See Exhibit

---

[1] The petitioner was transferred from the D.C. Board of Parole to the jurisdiction of the U.S. Parole Commission pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, § 11231(a), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code § 24-131.

22 (Certificate of Parole).

The Commission issued another parole violation warrant, and, on January 21, 2005, the petitioner agreed to a parole revocation without a revocation hearing under the Commission's expedited revocation procedure. See Exhibit 23 at p. 3 (Notice of Eligibility For Expedited Revocation Proposal).[2] On February 3, 2005, in accordance with the terms of the expedited revocation agreement, the Commission revoked the petitioner's parole, denied the petitioner credit for all of the time he had spent on parole, and set a presumptive parole date of December 12, 2005, after the service of 12 months. See Exhibit 24 (Notice of Action). The petitioner was re-paroled for the eighth time on April 11, 2006, with a new re-calculated full-term sentence date of December 9, 2019. See Exhibit 25 (Certificate of Parole).

The Commission issued a parole violator warrant for the petitioner on January 28, 2008, which was executed on February 13, 2008. See Exhibit 26 (Warrant Application) and Exhibit 27 (Warrant). The petitioner was given a revocation hearing on April 10, 2008. See Exhibit 28 (Hearing Summary). The Commission revoked the petitioner's parole on April 22, 2008, forfeited the time he had spent on parole and established a presumptive parole date of June 12, 2009, after the service of 16 months. See Exhibit 29 (Notice of Action).

At the time the petitioner was last released on parole on April 11, 2006, his full-term sentence date for F4446-79 and F7643-91 was December 9, 2019. See Exhibit 25 and Exhibit 30 at pp. 1, 5 (Federal Bureau of Prisons Sentence Monitoring Computation Data). This full-term

---

[2]An "expedited revocation procedure" means that the parolee agrees to the revocation of his parole, without a hearing. By the petitioner's acceptance of this offer, he accepted responsibility for his violations, waived his right to a revocation hearing, consented to the sanction proposed by the Commission, and waived his right to appeal the revocation decision. 28 C.F.R. 2.66.

date will be extended after the petitioner is returned to a federal institution and his sentence is re-calculated to account for the forfeiture of the time spent on parole resulting from the April 2008 revocation.

## **ARGUMENT**

The petitioner's contention that he has completed service of his sentences in F4446-79 and F7643-91 and that he is being unlawfully detained beyond the expiration of his sentences is without merit.[3]  The petitioner has apparently failed to recognize that each time his parole has been revoked, he has forfeited the time he spent on parole, known as "street time."  The law is clear that, upon revocation of parole, none of the time that a prisoner has previously spent on parole in the past can be credited to the service of his sentence, and that "street time" is properly forfeited.  See D.C. Code § 24-406(a) (when parole is revoked, none of the time spent under parole supervision will be credited toward the sentence); United States Parole Comm'n v. Noble,

---

[3]The Court has subject-matter and personal jurisdiction because the petitioner was confined at the D.C. Central Detention Facility at the time he filed his petition.  However, the petitioner was subsequently transferred to the D.C. Department of Corrections Correctional Treatment Facility.  Accordingly, the only proper respondent is Warden John Caulfield of the Correctional Treatment Facility. See 28 U.S.C. § 2243; Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("When a prisoner seeks to challenge parole-related decisions, the warden of the prison and not the U.S. Parole Commission is the prisoner's 'custodian.'"); Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986) (holding that "for purposes of challenging a Parole Commission action on the sentence a prisoner is currently serving in a federal penal facility, the warden of that facility is the prisoner's custodian within the meaning of 28 U.S.C. §§ 2241-2243") (citations omitted); Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("longstanding practice confirms that in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official") (citations omitted). Accordingly, the Court should strike the respondents named in the caption of the petitioner's writ and substitute Warden John Caulfield as the appropriate respondent to comply with the requirements of 28 U.S.C. § 2243 ("The writ or order to show cause shall be directed to the person having custody of the person detained").

693 A.2d 1084, 1085 (D.C. 1997), op. adopted, 711 A.2d 85 (D.C. 1998) (en banc) (D.C. Code § 24-406 requires automatic forfeiture of street time after revocation of parole); see also Jones v. Bureau of Prisons, 2002 WL 31189792 (D.C. Cir. October 2, 2002) (appellant cannot receive credit for "street time" after his parole is revoked); Campbell v. U.S. Parole Comm'n, 2008 WL 1883547, *2 (D.D.C. Apr. 29, 2008) (D.C. offenders cannot receive credit for "street time" after parole is revoked); Wills v. Smith, 2007 WL 143847, *2 (D.D.C. May 15, 2007) (same); Sanders v. U.S. Parole Comm'n, 2006 WL 473786, *4-5 (D.D.C. Feb. 28, 2006) (same); Mills v. U.S. Parole Comm'n, 2006 WL 27062, *3 (D.D.C. Feb. 2, 2006) (same); McQueen v. U.S. Parole Comm'n, 2005 WL 913151, *2 (D.D.C. April 19, 2005) (same); Simmons v. U. S. Parole Comm'n, 2005 WL 758268, *2 (D.D.C. April 1, 2005) (same). Thus, the U.S. Parole Commission and its predecessor, the D.C. Board of Parole, correctly forfeited all of the time the petitioner spent on parole supervision upon the revocation of his parole, and properly extended the petitioner's full-term sentence date. Given that the petitioner's parole has been revoked 7 times, resulting in the loss of his "street time," he has not completed service of his sentences in F4446-79 and F7643-91.[4]

## CONCLUSION

For the foregoing reasons, the petitioner's challenge to his full-term sentence date is without merit and his petition for a writ of habeas corpus should be summarily denied.

A proposed order is attached.

---

[4]The petitioner filed an almost identical habeas petition on March 3, 2008, in the Superior Court of the District of Columbia, which was denied on April 11, 2008. See Exhibit 31 (Order).

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

   /s/ John P. Mannarino
JOHN P. MANNARINO
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 444-384

   /s/ Sherri L. Berthrong
SHERRI L. BERTHRONG
Assistant United States Attorney
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the U.S. Parole Commission's opposition has been filed electronically with the Court served by mail upon the petitioner, Ivory Dews, DCDC # 195-508, D.C. Department of Corrections Correctional Treatment Facility, 1901 E Street, S.E., Washington, D.C. 20003, this 21th day of August, 2008.

   /s/ Sherri L. Berthrong
Sherri L. Berthrong
Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**IVORY DEWS,**               :
    **Petitioner**         :        **Civil Action No. 08-1249 (RMC)**
                    :
    **v.**                  :
                    :
**WARDEN STANELY WALDERN, et. al.,**  :
    **Respondents**      :

## ORDER

Upon consideration of the Petitioner's Pro Se Petition For A Writ of Habeas Corpus, the

U.S. Parole Commission's Opposition to the Petitioner's Pro Se Petition For A Writ of Habeas

Corpus, and, for the reasons stated in the U.S. Parole Commission's Opposition, it is hereby

**ORDERED** that the show cause order as to the United States is discharged, and that the

Petitioner's Pro Se Petition For A Writ of Habeas Corpus is **DENIED**.

**SO ORDERED** this _____day of _____, 2008.

                         _____
                         Rosemary M. Collyer
                         U.S. District Court Judge

Copies to:

Ivory Dews
DCDC # 195-508
D.C. Correctional Treatment Facility
1901 E Street, S.E.
Washington, D.C. 20003

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530

**EXHIBIT 1**

05 74
195508
Annep

# Superior Court of the District of Columbia

### CRIMINAL DIVISION

## JUDGMENT AND COMMITMENT ORDER

United States of America

Case Number *F 4446-79 C D E*
PDID Number *309-900*

*Ivory Dews*

41

WHEREAS the above-named defendant having entered a plea of

☐ Not Guilty        ☒ Guilty

to the charge(s) of *C- Assault with Intent to Commit Robbery*

*D- Attempt Robbery*

*E- Carrying a Pistol Without a License*

and having been found guilty by

☐ Jury        ☒ the Court    *8-11-79*

and a pre-sentence investigation and report having been

☒ prepared and considered        ☐ not requested

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense(s) charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the government having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

*Five to Fifteen Years as to count C ✓*

*One to Three Years as to count D*

*One Year as to count E*

*Counts C, D and E are to run concurrently with each other but consecutive to any other sentence*

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of this order to the United States Marshal and that the copy shall serve as the commitment of the defendant.

*Nov 7 1979*
Date

Judge

A TRUE COPY OF THIS ORDER DELIVERED TO THE U.S. MARSHAL OR HIS DEPUTY:

*Nov 7 1979*
Date

Deputy Clerk

LC-13.
J-4615-74

**Exhibit** *1*

**EXHIBIT 2**

PB-16
(Revised 10/81)

OCT 1 1 1984

# BOARD OF PAROLE
# DISTRICT OF COLUMBIA
# CERTIFICATE OF PAROLE

### ADULT

### Min. Sec.

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

Dews, Ivory _____ D.C.D.C. 195 508 ____ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on __October 10__, 19 84, and that said person remain under

supervision within the limits of the ___Metro Area___ (including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until ___August 10___, 19 94; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this ___28th___ day

of ___August___, 19 84.

The above-named was released on
the __10__ day of __October__, 19 84.

Frank H. Phillips, Administrator
DC Dept. of Corrections
Administrator, Lorton, Va.

John L. ___

**Exhibit** _2_

81—P5804

**EXHIBIT 3**



PAGE _____ OF _____

PB-30
(REV. 6/85)
85-8P255

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
## BOARD OF PAROLE

**420 Seventh Street, N.W.**
**Lansburgh's Building – Room 300**
**Washington, D.C. 20004**

### (SUMMARY TRANSCRIPT)

| | |
|---|---|
| **Case of:** | Dews, Ivery |
| **D.C.D.C. No.:** | 195 508 |
| **Institution:** | Occoquan II (Heard at CDF) |
| **Date:** | August 23, 1985 |
| **Present:** | Mr. John L. Gibson |
| | Mrs. Bernice Just |

<u>MR. GIBSON:</u>

Mr. Ivery Dews appeared before the Board today on a
Revocation Hearing.

Mr. Dews is a parole violator who owes 3591 days on 15
years.  He was released to parole supervision on October 10,
1984.

The Board was informed by memorandum dated January 30th he
was in violation of Rule #4 of the conditions of his
parole, in that he had submitted to a Seyva Emit test
on 11/18/84 that proved positive for the use of PCP, and
that he was retested on 1/16/85, and it proved positive
for the use of PCP.  The Board scheduled a personal appear-
ance at which he did not show on the 14th day of March
because he had not received the message.  It was resched-
uled for the 26th of March, and he did not appear for that
hearing as well.  The Board on May 6, 1985 issued a warrant
to be executed, which charged him with violation of Rule #10
by not following the orders of supervision, including failure
to appear for a personal appearance.

He was represented by Alphonso Pendergrass today, who
indicated that Mr. Dews was not guilty of using PCP and
also indicated that there were mitigating circumstances as
to why he did not appear on the 26th of March.  These

**Exhibit** ___3___

IDPS-161

WD-145

PB-3C (Rev. 6/85)
85—8P256 wd-145

⬤   **CONTINUATION SHEET**   ⬤        Page _____ of _____

-2-   Dews, Ivery, 195 508, Occoquan II, August 23, 1985

circumstances grew out of an auto accident on the late night of the 23rd or the early morning of the 24th where Mr. Dews was injured. However, he did not receive medical treatment, and on Monday the body experienced some trauma. He then went to D.C. General Hospital on Tuesday the 26th and stayed there until sometime in the late afternoon. Documentation from the hospital records was presented by Mr. Pendergrass on Mr. Dews' behalf and corroborated this situation.

Secondly, he indicated that Mr. Dews may have in November used the illegal drug PCP. However, he states that his client told him that after that he did not use PCP, and that expert information that Mr. Pendergrass had received indicated that one of two things could have happened. He could have either been with someone who was using PCP and injested same unintentionally or that there could have been residuals in the body from the use of PCP in November and therefore showed up in the urine Emit test. During the course of the discussion it came to light that there was one other urine dirty after the January incident which was not charged and will not be a part of this charge, although his urine had been positive on February 12, 1985. In discussing with Mr. Dews this situation, Mr. Dews offered in mitigation the fact that he has had a history of using heroin and cocaine, but, because of what he found out it could do to the body, he substituted his smoking of PCP for the use of the other dangerous drugs. He was lectured on the dangers of PCP as well, and information concerning its adverse effect on the human body was shared, indicating that it was as dangerous, if not more dangerous, than the other dangerous drugs.

The attorney requested that the Board reinstate Mr. Dews, indicating that he would have no problem developing employment, does have a place to stay, and may have a promising career singing.

The Board finds Mr. Ivery Dews is in fact in violation of Rule #4. The Board makes no finding as to the violation of Rule #10. The Board takes the action of revoking the parole of Ivery Dews. However, because this man has also submitted at least five or six additional urine samples which indicate that he has not become a constant abuser of illegal durgs and because he indicates his intention to adhere more rigidly to those conditions of parole, the Board takes the action of reparoling Mr. Ivery Dews upon the development of an approved plan with the continued special condition of narcotics surveillance.

I HEREBY CERTIFY THAT THE FOREGOING IS
(Government of the District of Columbia) A CORRECT TRANSCRIPT OF MY
SUMMARY NOTES, TAKEN AT THE TIME,

**EXHIBIT 4**

PB-3
REV. 8-81
85 — 9P758

**GOVERNMENT OF THE DISTRICT OF COLUMP'**
**BOARD OF PAROLE**
WASHINGTON, D.C. 20001

# Order



*Name* *Dennis, Ivey*

*DCDC Number* *198508*

*Institution (or status and PO)* *Occ 2*

The case of the above named person has come to the attention of the Board of Parole with reference to:

☐ Early parole hearing
☐ Initial parole hearing
☐ Parole rehearing / IRH
☐ Preliminary revocation hearing
☑ Revocation hearing

☐ Warrant request
☐ Detainer review
☐ Personal appearance
☐ Work release violation
☐ Information

☐ Other: _____

REMARKS: *Violations charged 4.*

RECOMMENDATION OF ANALYST / EXAMINER _____

The Board of Parole has examined the relevant information in this case and hereby orders the following action:

*Revoke on Violation 4*
*Reparole upon development of*
*approved plan. Sp. Cond. Narc*
*abst. & Surv.*

Date *8-23-85*    *District of Columbia Board of Parole:*

_____ *Chairman*

Reason for the above action (where applicable): _____

(N / A date _____ by *8/26/85* )

**Exhibit** *4*

**EXHIBIT 5**

PB-18
(Revised 10/81)

# BOARD OF PAROLE
# DISTRICT OF COLUMBIA
# CERTIFICATE OF PAROLE



### ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

__**Dews, Ivory**_____ D.C.D.C. ___**195 508**____ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on _____**Sept. 30,**_____, 19_**85**, and that said person remain under

supervision within the limits of the _____**Wash. Metro Area**_____ (including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until _____**March 17,**_____, 19_**95**; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this _____**23rd**_____ day

of _____**August**_____, 19_**85**.

**Special Condition:  Narcotic surveillance
and abstinence.**

The above-named was released on

the _3oth_ day of _Sept_, 19 _85_

_David P. Deaton_
Administrator

_John L. [signature]_

_[signature]_

Exhibit _____5_____

81—P5804

**EXHIBIT 6**

 



GOVERNMENT OF       DISTRICT OF COLUMBIA
B O A R D   O F   P A R O L E
420 Seventh Street, N.W.
Lansburgh Building   Room 300
Washington, D.C.   20004

## (SUMMARY TRANSCRIPT)

| | |
|---|---|
| **Case of:** | Dews, Ivory |
| **D.C.D.C. No.:** | 195 508 |
| **Institution:** | Occoquan III (Heard at CDF) |
| **Date:** | May 23, 1986 |
| **Present:** | Mr. John L. Gibson |
| | Mrs. Gladys Mack |

MR. GIBSON:

Mr. Ivory Dews appeared before the Board today on a
Revocation Hearing.

Mr. Dews is a parole violator who owes 3391 days on 15
years.

This was a situation where Mr. Dews got out of the
institution on September 30, 1985, and in a memorandum
dated October 10, 1985 the Board was informed that he was
in violation of:

    1.    Condition #4, in that he submitted to a SYVA
              EMIT test on 10/2/85 and returned positive
              results for PCP and THC.

The Board issued the warrant to be executed, and he was
retaken on the 27th of March 1986.

He was represented today by attorney Alphonso Pendergrass.

The attorney submitted that Mr. Dews did not use the
illegal drug PCP.  He indicated that, according to Mr. Dews,
he had injested the drug while he was in the D.C.D.C.
Occoquan facility where people were smoking very heavily
around him, and he had asked them to leave, but they
wouldn't, and they continued to smoke.  He injested it
into his system, and on the 2nd of October 1985 his urine
proved to be positive in the narcotics surveillance

Exhibit _____ 6 _____



- - Dews, Ivory, 195 508, Occoquan III, May 23, 1986

test.  This is the second such defense that has been used in less than a year for Mr. Dews.  The Board had on the 23rd of August taken the action of revoking parole and reparoling him based on the violation of Condition #4, which also was a PCP violation, and when he was getting out on reparole several days later incurred the instant violation.  There was quite a discussion on whether or not the SYVA EMIT test can prove positive through contact only or passive injestion of this drug while one is in the company of others who are in fact smoking it.  In any event, it is clear that every time Mr. Dews has such an infraction he continues to use the same defense.

It was requested that if the Board did revoke Mr. Dews today that he be reparoled.  The Board is of the opinion that Mr. Dews in fact is in violation of Condition #4 of his parole by virtue of having used the illegal drug PCP and takes the action of revoking his parole.  However, looking over this man's background it becomes evident that for him to sit in Occoquan and do nothing in no way will assist this man to address his problem.  The Board decides that it will schedule a rehearing for September 1986 with the strong recommendation that Mr. Dews be involved in individual psychological counseling as well as be involved in the drug counseling program in the institution.

I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF MY SUMMARY NOTES, TAKEN AT THE TIME, PLACE, AND ON THE OCCASION INDICATED.

6/2/86                    _____ Darrell L Winer

**EXHIBIT 7**

PB-3
REV. 8 - 81
85 - 9P758

GOVERNMENT OF THE DISTRICT OF COLUMBIA
**BOARD OF PAROLE**
WASHINGTON, D.C. 20001

# Order



Name _Derus, Ivory_

DCDC Number _195508_

Institution (or status and PO) _Occoquan 2_

The case of the above named person has come to the attention of the Board of Parole with reference to:

☐ Early parole hearing                ☐ Warrant request
☐ Initial parole hearing               ☐ Detainer review
☐ Parole rehearing / IRH              ☐ Personal appearance
☐ Preliminary revocation hearing      ☐ Work release violation
☑ Revocation hearing                  ☐ Information

☐ Other: _____

REMARKS: _Violations charged 4._

_____

RECOMMENDATION OF ANALYST / EXAMINER _____

_____

---

The Board of Parole has examined the relevant information in this case and hereby orders the following action:

_Revoke on violation 4. Rehear_
_September, 1986. Recommend_
_Psychological and drug Counseling._
_(Individual)_

_____

Date _5-23-86_    District of Columbia Board of Parole:

_Gladys W. Mack_
Chairman

_John L. Ray_

---

Reason for the above action (where applicable): _____

_____

_____ (N / A date _5/27/86_ by _SB_ )

**Exhibit** ___7___

**EXHIBIT 8**

PB-18
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE 37

**ADULT**

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

**Daws, Ivory** _____ D.C.D.C. **195508** ____ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on **January 12th** _____, 19**87**, and that said person remain under

supervision within the limits of the **Wash Metro Area** _____ (including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until _____ **September 12th** _____, 19**95**; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this _____ **29th** _____ day

of _____ **September** _____, 198**6**.

The above-named was released on
the _13th_ day of _June_, 19_87_

_____
_for_ Administrator

_____

_____

**Exhibit** _8_

81—P5804

**EXHIBIT 9**

 

Government Of The District Of Columbia
BOARD OF PAROLE
1111 E Street, N.W.
Washington, D.C.  20004

(SUMMARY TRANSCRIPT)

Case of:       Mr. Ivory Dews
D.C.D.C.No.:   195 508
Institution:   Occoquan III
Date:          February 19, 1988
Present:       Mr. H. Croft

**MR. CROFT:**

Mr. Ivory Dews appeared before the Board today for a Revocation
Hearing.  Mr. Dews is serving a sentence of five to 15 years plus
18 days for the offense of carrying a pistol without a license,
attempted robbery, and assault with attempt to kill and robbery.
Mr. Dews was reparoled from a parole violation on September 29,
1986.  Mr. Dews' reparole involved a special condition of strict
narcotics surveillance.  On November 24, 1986, Mr. Dews' granted
reparole was set aside.  On December 9, 1986 grant of reparole
was confirmed.

On April 8, 1987 the Board issued a warrant to be executed for Mr.
Dews.  That was action was taken because it was alleged in a
Warrant Request memorandum, March 10, 1987 that Mr. Dews had
violated parole condition #4, in that a urine sample submitted on
March 4, 1987 tested positive for PCP and that he had violated
parole condition #10 in that his address of·record, 1501 19th
Street was reported by Mrs. Neale on March 2, 1987 to be
erroneous, specifically Mrs. Neale stated that the subject did
not live at that address.  The Board had received on April 14,
1987 a Warrant Request memorandum charging Mr. Dews with
violation of parole condition #9, in that on March 17, 1987 he
had been arrested and charged with burglary I, simple assault and
unlawful entry.  The Board received in July 14, 1987 a Warrant
Request memorandum stating that he violated rule #9 in that he
failed to appear in D.C. Court on May 18, 1987 for a status
hearing and a bench warrant was issued.

At the hearing today Mr. Dews was informed of his rights.  Mr.
Dews chose to be represented by Ms. Cynthia Robbins.  The Board
today finds Mr. Dews to be in violation of parole condition #4.
The evidenced used for that is positive urine test submitted by
Mr. Dews.  Mr. Dews' attorney raised issues about the chain of
custody of Mr. Dews' urine.  While the Board found her argument
well-formed, the Board did not find it persuasive and did not
find that she had substantiated that argument.  Therefore, the
Board finds him in violation of parole condition #4 based upon
positive urine sample.  The Board makes no finding with respect

Exhibit ____9____

- 2 -  Dews, Ivory, 195 508, Occoquan III, February 19, 1988

to violation of parole condition #10.  The Board further makes no
finding with respect to violation of parole condition #9 on both
counts, since the charges against Mr. Dews were dismissed.

Mr. Dews is appearing before the Board today for his third Parole
Revocation hearing.  Needless to say, this Board member finds
that Mr. Dews has made a less than adequate adjustment to the
terms and conditions of his parole.  In all cases, Mr. Dews'
appearance before the Board for Revocation hearings have been
result of his having tested positive for narcotics substances,
specifically PCP.  Therefore, it is recommended that as required
by Board policy, that Mr. Dews' parole be revoked.  It is further
recommended that Mr. Dews be reparoled through work release to
become effective on or after May 16, 1988.  Mr. Dews' granted
reparole is to include the special condition of strict narcotics
surveillance and participation in outpatient drug treatment
program.  Making Mr. Dews' reparole effective through work
release on or after May 16, 1988 is in effect giving Mr. Dews a
nine-month set off for his parole violation.  It is a nine-month
set-off since Mr. Dews came into custody on October 16, 1987 and
will not be released from custody until May 17, 1988.

I HEREBY CERTIFY THAT THE FOREGOING IS A
TRUE  AND  ACCURATE  TRANSCRIPT  OF  MY
SUMMARY NOTES, TAKEN AT THE TIME, PLACE,
AND ON THE OCCASION INDICATED.

*Sandra Evans*

 

Government Of The District Of Columbia
BOARD OF PAROLE
1111 E Street, N.W.
Washington, D.C.  20004

REASON FOR ACTION TAKEN

NAME:  Mr. Ivory Dews _____        DC#: _  195 508 _____

INSTITUTION: _____  Occoquan III _____

The Board has taken the following action in your case.  The reason(s) for this action are:

MR. CROFT:

This Board member finds that Mr. Dews has made a less than adequate adjustment to the terms and conditions of his parole. In all cases, Mr. Dews' appearance before the Board for Revocation hearings have been result of his having tested positive for narcotics substances, specifically PCP.  Therefore, it is recommended that as required by Board policy, that Mr. Dews' parole be revoked.  It is further recommended that Mr. Dews be reparoled through work release to become effective on or after May 16, 1988.  Mr. Dews' granted reparole is to include the special condition of strict narcotics surveillance and participation in outpatient drug treatment program.

_____7/19/88_____            _____
       Date                        Executive Officer

**EXHIBIT 10**

PB-3
REV. 8 - 81
85 — 9P758

GOV'. 'ENT OF THE DISTRICT OF COLUMBIA
**BOARD OF PAROLE**
WASHINGTON, D.C. 20001

# Order



*Name* _Dews, Ivory_

*DCDC Number* _A 195508_

*Institution (or status and PO)* _Occ 3_

CODE _15 I_

The case of the above named person has come to the attention of the Board of Parole with reference to:

☐ Early parole hearing
☐ Initial parole hearing
☐ Parole rehearing / IRH
☐ Preliminary revocation hearing
☒ Revocation hearing

☐ Warrant request
☐ Detainer review
☐ Personal appearance
☐ Work release violation
☐ Information

☐ Other: _____

REMARKS: _____

_____

RECOMMENDATION OF ANALYST / EXAMINER _____

_____

---

The Board of Parole has examined the relevant information in this case and hereby orders the following action:

_Revoke on Viols. #4,_
_Reparole thru Work Release_
_eff. OIA 5-16-88_

H C
E R

Date _2 - 19 - 88_    *District of Columbia Board of Parole:*

_[signature]_
Chairman

'here applicable): _____

(N / A date _2/22/88_    by _SB_ )

**Exhibit** _10_

**EXHIBIT 11**

 

PB-15
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE

CERT # 2043-88

### ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that _____ Dews, Ivory _____ D.C.D.C. __195508___ is eligible to be PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on ___September 16_____, 19_88_, and that said person remain under supervision within the limits of the ____Wash. Metro Area_____ (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until __December 09_____, 19_95_; unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Given under the hands and seal of the BOARD this ~~XXXXXXXXXXXX~~ 15 day of ____July_____, 19 88.

The above-named was released on the ____ day of _____, 19__

_____
Administrator

Exhibit __11__

81—P5804

**EXHIBIT 12**

Tape _____ at # _____



# Board of Parole
# District of Columbia
### POST-RELEASE DETERMINATION RECORD

NAME: Dews, Ivory    Adult [✓] Youth [ ]    DOB _____

DCDC# 195508    PDID# _____    Reg. No. NA    Inst: _____

ASSIGNED PAROLE OFFICER: _____    Unit # _____

HEARING INFORMATION:  Date: 4-4-89    Location: _____

Hearing Official(s): P. Miller    Supv Rep: W. Spruill

Witness(es) Present: _____

ATTORNEY REPRESENTATION:  No [✓]  Yes [✓]  Name: _____

## PRE-HEARING BOARD ACTION:

ORDER TO APPEAR: [ ]    |    WARRANT:  Arrest [ ]    Detainer [ ]

Issued: _____    |    Issued: 3-1-89    Executed: 3/17/89

Served: _____    |    Notice Served: _____

## OFFENSE(S) ON WHICH PAROLE WAS GRANTED AND MAY BE REVOKED:

| Offense | Case # & Court | Sentence | Date Imposed |
|---|---|---|---|
| Armed Robbery | F4446-79C | 5/15 yrs. | 11-7-79 |
| Att. Robbery | F4446-79D | 1/3 yrs. | 11 |
| CPWOL | F4446-79E | 1 yr. | 11 |

Aggregate Sentence: 5 to 15 yrs.    from Face Sheet dated 11-22-79

## STATUS OF SENTENCE ON WHICH PAROLE MAY BE REVOKED IF:

NOT revoked:  Max Supv. Date: 2-11-94    FTD: 8-10-94    F/S dated 11-22-79

REVOKED:  MRD: _____    Max Supv. Date: _____    FTD: _____

Time Remaining : _____    F/S dated _____

## PREVIOUS BOARD ACTION ON SENTENCE ON WHICH PAROLE MAY BE REVOKED:

Date Last Released on Parole: _____    # of Times Paroled: _____

NEW CRIMINAL INVOLVEMENT:  Arrest [ ]    Pending Charge(s) [ ]    New Sentence [ ]

Offense/Case#/Other: _____

PREPARED BY: Parole Analyst _____    Date 4/3/89

-1-

**Exhibit** 12

NAME: Dews, Ivow    DCDC#_____    HRG. DATE:_____

## 100  STATUS OF CASE

101  **Nature of Alleged Violation(s) of Conditions of Parole/Release in**

Report Dated 1-17-89

- [ ] 1. Failure to report to Supervision immediately upon release.

- [ ] 2. Travel without prior approval from Parole Officer.

- [ ] 3. Visit(s) to illegal establishments including where alcoholic beverages are illegally sold, dispensed or used.

- [ ] 4. Illegal possession, use, sale or purchase of any narcotic drug, controlled dangerous substance or related paraphernalia; visit(s) to place(s) where any such item(s) are illegally sold, dispensed, used or given away.

- [ ] 5. Ownership, possession, use, sale or control of any deadly weapon or firearms.

- [x] 6. Less than diligent efforts to find & maintain legitimate employment; support of self & legal dependents not commensurate with ability.

- [x] 7. Failure to keep PO informed of place of residence and work, or to notify c loss of employment or change in residence.

- [ ] 8. Agreement to act as informer or agent for any law enforcement agency.

- [ ] 9. Failure to obey laws, or to report at the earliest opportunity any arrest or other involvement with law enforcement officials.

- [x] 10. Failure to cooperate with Board & Supervision, to carry out P.O.'s instructions, or to report as directed, knowing that such failure may cause reincarceration by the Board.

- [ ] 99. Failure to abide by special condition(s):_____

_____

## 102  Review of Rights

102.1    The parolee/releasee was advised of his/her procedural rights and understood the rights.    [ ]

102.2    The parolee/releasee:

a) Elected to proceed with the hearing    [ ]

b) Requested a postponement of the hearing    [ ]

c) Elected to waive the Revocation Hearing and completed a Waiver of Revocation Hearing form.    [ ]

-2-

NAME: Dews, Ivory    DCDC# 195508    HRG. DATE: _____

**200  FINDINGS OF FACT, EVIDENCE, AND CONCLUSIONS**

**201  Alleged Parole Violation:** Failed to make Diligent efforts to maintain legitamate employment since 12-1-88.

in violation of Condition # 6

| 202<br>Findings of Fact | 203<br>Evidence Relied Upon<br>(Type and substance) |
|---|---|
| | Admits |

**204  Conclusion**

204.1    Violation Sustained    ☑

204.2    Allegation Not Sustained    ☐

204.3    No Finding    ☐

-3-    [# 1 of 4 alleged violations]

NAME: _Deus, tWuy_____ DCDC# _____ HRG. DATE: _____

**200  FINDINGS OF FACT, EVIDENCE, AND CONCLUSIONS**

**201  Alleged Parole Violation:** _Failed to Keep PO Informed_
_of place of work, Since 12/1/88._

in violation of Condition # 7

| 202<br>Findings of Fact | 203<br>Evidence Relied Upon<br>(Type and substance) |
|---|---|
| | Admits |

**204  Conclusion**

204.1     Violation Sustained      [✓]

204.2     Allegation Not Sustained  [ ]

204.3     No Finding               [ ]

-3-        [# _2_ of _4_ alleged violations]

NAME: _Denis Ivory_  DCDC# _195508_  HRG. DATE: _____

**200  FINDINGS OF FACT, EVIDENCE, AND CONCLUSIONS**

**201  Alleged Parole Violation:** _Viol. of Spec. Condition of_
_Narc. Surv. by not making himself_
_avail. for urine test since 0/17/88_

in violation of Condition #

| 202<br>Findings of Fact | 203<br>Evidence Relied Upon<br>(Type and substance) |
|---|---|
| | Admits |

**204  Conclusion**

204.1    Violation Sustained    ☑

204.2    Allegation Not Sustained    ☐

204.3    No Finding    ☐

-3-    [# _4_ of _4_ alleged violations]

NAME: _Dews, Ivory_    DCDC# _____    HRG. DATE: _____

200  FINDINGS OF FACT, EVIDENCE, AND CONCLUSIONS

201  Alleged Parole Violation: Failed to Report as directed
12/12/88 @ 10:30 Am., 1/3/89 10:30 Am.,
1/5/89 10:00 am.

in violation of Condition # 10

| 202<br>Findings of Fact | 203<br>Evidence Relied Upon<br>(Type and substance) |
|---|---|
|  | Admits |

204  Conclusion

204.1    Violation Sustained    ☑

204.2    Allegation Not Sustained    ☐

204.3    No Finding    ☐

-3-    [# 3 of 4 alleged violations]

NAME: Dews, IVOLY    DCDC# 195508    HRG. DATE: _____

**204  Summary of Conclusion(s)**

Condition #

204.1    No. of Technical violations sustained:    ____  ✓  | 6, 7, 10 Spec. Cond.

204.2    No. of Criminal violations sustained:    ____ | _____

204.3    No. of allegations NOT sustained:    ____ | _____

204.4    No. of allegations with NO FINDING    ____ | _____

TOTAL NUMBER OF ALLEGATIONS =    4

**205  Other Relevant Factors**

205.1    Mitigating Factors (Specify) _____

_____

_____

_____

_____

205.2    Aggravating Factors (Specify) Indicates he'd returned to Drug use (cocaine)

_____

_____

_____

**206  Alternatives Considered**

206.1    Revocation is mandatory (violation involves PCP)    ☐

206.2    Revocation is the appropriate action    ☑

206.3    Revocation is not the appropriate action    ☐

INFORMATION FOR THE RECORD: _____

_____

_____

_____

-4-

NAME_____ DCDC#_____ OFC. DKT/ HRG.DATE_____ OFC. DKT/ HRG.TYPE_____

**400   RECOMMENDATION OF HEARING OFFICIAL / ANALYST**

401  _____

*Revoke & reconsider 9/17/89*
*#6, 7, 10, Spec Cond*

_____

**402   Signature of Board Member**                          Date

_____            _____

**403   Signature of Hearing Examiner / Analyst**             Date

_____            _____

**500   DISPOSITION OF RECOMMENDATION BY THE BOARD**

501  Accept the recommendation                                ☐

502  Substitute the recommendation with the following disposition:   ☐

_____
_____
_____
_____
_____

**503   Board Members**                          Date

☐       Gladys W. Mack                    _____

☐       Howard R. Croft                   _____

☐       Enrique Rivera-Torres             _____

☐       Willie R. Hasson                  *7-16-89*

☐       Karen Jones Herbert               _____

NAME:_____    DCDC# *195 508*    OF DKT/
                                                      HRG. DATE:_____

## BOARD MEMBERS' WORK SHEET FOR PART 500

**BOARD MEMBER #1**         Initials: _____        Date: 4-10-89

Accept the Hearing Official's recommendation                    ☑

Other Disposition:_____

_____

_____

Reason:_____

_____

_____


**BOARD MEMBER #2**         Initials: _____        Date: 04-10-89

Accept the Hearing Official's recommendation                    ☑

Other Disposition:_____

_____

_____

Reason:   _____

_____

_____


**BOARD MEMBER #3**         Initials: _____        Date: 4/11/89

Accept the Hearing Official's recommendation                    ☑

Other Disposition:_____

_____

_____

Reason:_____

_____

_____

NAME_____    DCDC#_____    INSTITUTION_____

HEARING DATE_____    HEARING TYPE_____

**600  ACTION OF THE BOARD**

**601  Disposition:** Revoke parole. Reconsider 9-17-89.
        #6,7,10, Special Condition.

_____

_____

                    Date of Disposition: ____4-11-87____

**602  Remarks (including basis for revocation, if applicable):**_____

_____

_____

_____

_____

_____

**603  Type(s) of Violation(s), if applicable:**

☐ Criminal Only        ☐ Technical Only        ☐ Criminal & Technical

**604  Coding Information**

Disposition Code: ___15C, 15J___        Board Member Codes: _LH, WH, ER___

Recorded and coded by:_____        Date:_____

Typed by:_____        Date:_____

-10-

**EXHIBIT 13**

PB-3
REV. 8 - 81
8-4880

GOVERNMENT OF THE DISTRICT OF ᴸUMBIA
BOARD OF PAROLE
WASHINGTON, D.C. 20001

# Order



*Name* _____ Dews, Ivory _____

*DCDC Number* _____ 195 508 A _____

*Institution (or status and PO)* Occoquan II _____

CODE ___15C, 15J___

The case of the above named person has come to the attention of the Board of Parole with reference to:

☐ Early parole hearing              ☒ Warrant request
☐ Initial parole hearing            ☐ Detainer review
☐ Parole rehearing / IRH            ☐ Personal appearance
☐ Preliminary revocation hearing    ☐ Work release violation
☒ Revocation hearing                ☐ Information

☐ Other: _____

REMARKS: _____

_____

RECOMMENDATION OF ANALYST / EXAMINER _____

_____

---

The Board of Parole has examined the relevant information in this case and hereby orders the following action:

KH   Revoke parole (#6, 7, 10 and special condition).

WH   Reconsider September 17, 1989.

ER   _____

_____

_____

Date  April 11, 1989          District of Columbia Board of Parole:

_____  *Chairman*

_____

Reason for the above action (where applicable): _____

**Exhibit** ___13___

_____

_____ (N / A date  4-15-89  by  tina  )

**EXHIBIT 14**

PB-16
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
## CERTIFICATE OF PAROLE
Certificate-Adult-7215-90

### ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that _____ Dew, Ivory _____ D.C.D.C. ___ 195-508 ___ is eligible to be PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on ___ July 31, ___, 19 90 , and that said person remain under supervision within the limits of the ___ Washington;Metro Area ___ (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until ___ December 24, ___, 19 95 ; unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Given under the hands and seal of the BOARD this ___ 3rd ___ day of ___ April ___, 19 90 .

The above-named was released on the ____ day of _____, 19__.

_____
Administrator

Exhibit ___ 14 ___

B-3469

**EXHIBIT 15**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. _L-7643-91 B_

-vs-

PDID No. _309-900_

_Tracy Dews_

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☒ Not Guilty ☐ Guilty to the Charge(s) of _____
_Unlawful Distribution of a Controlled_
_Substance - Cocaine_
and having been found guilty by ☒ Jury ☐ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____
_Count B Four (4) to Twelve (12) years_
_consecutive to any other._
_Additional penalties of six (6) to_
_eighteen (18) months, consecutive under_
_23 D.C. Code, Section 1328_

☒ MANDATORY MINIMUM term of _4 yrs_ applies to the sentence imposed.

☐ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

_____

☐ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions). The Court
will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_75.00_ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

_3-23-92_
Date

_Eddie F. Sorver_
Judge

**Exhibit** _15_

Certification by Clerk pursuant to Criminal Rule 32(d).

_3-23-92_
Date

_Patricia L. Baker_
Deputy/Clerk

Form CD(18)-1040/Aug. 87

_JSI Enclosed_

**EXHIBIT 16**

Tape _1A_ at # _564_



# Board of Parole
# District of Columbia
## POST-RELEASE DETERMINATION RECORD

NAME: _Dews, Ivory_     Adult ☑  Youth ☐     DOB _[redacted]_

DCDC# _195508_  PDID# _309900_  Reg. No. _____  Inst: _Complex_

ASSIGNED PAROLE OFFICER: _J. Davis_     Unit # _____

HEARING INFORMATION:  Date: _4/16/92_     Location: _CDF_

Hearing Official(s): _Hyman, Nasson, Quick_ Supv Rep: _Baker, Baskins_

Witness(es) Present: _____

ATTORNEY REPRESENTATION:  No ☐  Yes ☒  Name: _____

## PRE-HEARING BOARD ACTION:

ORDER TO APPEAR: ☐          WARRANT:  Arrest ☐  Detainer ☐

Issued: _____          Issued: _8/20/91_ + _6-13-91_  Executed: _7/3/91_

Served: _____          Notice Served: ~~[struck out]~~ _1/02/92_

## OFFENSE(S) ON WHICH PAROLE WAS GRANTED AND MAY BE REVOKED:

| Offense | Case # & Court | Sentence | Date Imposed |
|---------|---------------|----------|--------------|
| AWIC - Robbery | F4446-79C | 5-15 Yrs. | 11/7/79 |
| Att. Robbery | F4446-79D | 1-3 Yrs. | 11/7/79 |
| CPWOL | F4446-79E | 1 Yr. | 11/7/79 |

Aggregate Sentence: _5-15 Yrs._     from Face Sheet dated _11-27-79_

## STATUS OF SENTENCE ON WHICH PAROLE MAY BE REVOKED IF:

NOT revoked:  Max Supv. Date: _6/12/95_  FTD: _12/9/95_  F/S dated _10-20-87_

REVOKED:  MRD: _____  Max Supv. Date: _____  FTD: _____

Time Remaining : _____     F/S dated _____

Exhibit _16_

## PREVIOUS BOARD ACTION ON SENTENCE ON WHICH PAROLE MAY BE REVOKED:

Date Last Released on Parole: _7-31-90_     # of Times Paroled: _4_

NEW CRIMINAL INVOLVEMENT:  Arrest ☑  Pending Charge(s) ☐  ·  New Sentence ☐

Offense/Case#/Other: _4-27-91 = ADW(knife) F4880-91_ ~~[struck out]~~

PREPARED BY:  Parole Analyst _____     Date _4-14-92_

_7/2/91 = Dist. of cocaine F7643-91 — 4/12 yrs._

_On ___ ___ w/ 6/18 ncos_

_ME:_____    DCDC#_____    HRG. D_TE:_____

## 100   STATUS OF CASE

### 101   Nature of Alleged Violation(s) of Conditions of Parole/Release in

Report Dated  May 17, 1991

☐  1.  Failure to report to Supervision immediately upon release.

☐  2.  Travel without prior approval from Parole Officer.

☐  3.  Visit(s) to illegal establishments including where alcoholic beverages are illegally sold, dispensed or used.

☒  4.  Illegal possession, use, sale or purchase of any narcotic drug, controlled dangerous substance or related paraphernalia;  visit(s) to place(s) where any such item(s) are illegally sold, dispensed, used or given away.

☒  5.  Ownership, possession, use, sale or control of any deadly weapon or firearms.

☒  6.  Less than diligent efforts to find & maintain legitimate employment; support of self & legal dependents not commensurate with ability.

☐  7.  Failure to keep PO informed of place of residence and work, or to notify c loss of employment or change in residence.

☐  8.  Agreement to act as informer or agent for any law enforcement agency.

2 COUNTS  ☒  9.  Failure to obey laws, or to report at the earliest opportunity any arrest or other involvement with law enforcement officials.

☒  10.  Failure to cooperate with Board & Supervision, to carry out P.O.'s instructions, or to report as directed, knowing that such failure may cause reincarceration by the Board.

☐  99.  Failure to abide by special condition(s):_____

_____

## 102   Review of Rights

102.1    The parolee/releasee was advised of his/her procedural rights and understood the rights.    ☑

102.2    The parolee/releasee:

a) Elected to proceed with the hearing    ☑

b) Requested a postponement of the hearing    ☐

c) Elected to waive the Revocation Hearing and completed a Waiver of Revocation Hearing form.    ☐

T: _____ ●    DCDC# _____    HRG. D●C: _____

200  FINDINGS OF FACT, EVIDENCE, AND CONCLUSIONS

201  Alleged Parole Violation: *Subject illegally Possessed a narcotic drug On 7-02-91 (Cocaine) as the time Of his arrest for Dist. of Cocaine.*

in violation of Condition # 4

| 202<br>Findings of Fact     0405 | 203<br>Evidence Relied Upon<br>(Type and substance) |
|---|---|
| *Deny. & appealing case* | |

204  Conclusion

204.1    Violation Sustained    [✔]

204.2    Allegation Not Sustained    [ ]

204.3    No Finding    [ ]

-3-    [# ___ of ___ alleged violations]

NAME: _____●____  DCDC#_____  HRG. DA●: _____

200  FINDINGS OF FACT, EVIDENCE, AND CONCLUSIONS

201  Alleged Parole Violation: Subject illegally possessed
and used a deadly weapon (Knife) On
4-27-91, at the time of his arrest for
in violation of Condition #  5    ADW.

| 202 Findings of Fact | 203 Evidence Relied Upon (Type and substance) |
|---|---|
| OSOS Deny- | Case dismissed. |

204  Conclusion

204.1    Violation Sustained    ☐

204.2    Allegation Not Sustained    ☐

204.3    No Finding    ☑

                              -3-        [#___ of ___ alleged violations]

NAME: _____ ● _____ DCDC# _____ HRG. D●: _____

**200  FINDINGS OF FACT, EVIDENCE, AND CONCLUSIONS**

**201**  Alleged Parole Violation: *Subject failed to make diligent efforts to find legitimate employment By failing to follow through*

in violation of Condition # *6   On a job referral to LEED.*

| **202**<br>Findings of Fact | **203**<br>Evidence Relied Upon<br>(Type and substance) |
|---|---|
| 0601<br>*Deny. not correct. Asked for LEED Referral. Got his own employment. Worked 4 mos. Laid off (auto body work) Worked private contracts.* | *P.O. did not make documentation of LEED referrals. P.O. stated counseled subj 1-91. P.O.'s records substantiate subj' statement.* |

**204  Conclusion**

204.1   Violation Sustained        ☐

204.2   Allegation Not Sustained   ☑

204.3   No Finding                 ☐

                                -3-      [# ___ of ___ alleged violations]

NAME: _____ ⬤ DCDC# _____ HRG. DATE ⬤ _____

## 200  FINDINGS OF FACT, EVIDENCE, AND CONCLUSIONS

201  Alleged Parole Violation: On 4-27-91, the subject individual was arrested for Assault w/ a Deadly Weapon (Knife).

in violation of Condition # 9

| 202 Findings of Fact 0901 | 203 Evidence Relied Upon (Type and substance) |
|---|---|
| Deny. | Dismissed |

### 204  Conclusion

204.1    Violation Sustained    ☐

204.2    Allegation Not Sustained    ☐ /

204.3    No Finding    ☑

-3-    [#___ of ___ alleged violations]

NAME: _____ ⬤    DCDC# _____    HRG. DA⬤: _____

**200  FINDINGS OF FACT, EVIDENCE, AND CONCLUSIONS**

201  Alleged Parole Violation: _On 7/02/91, the subject was arrested and charged with Distribution of Cocaine, F 7643-91._

in violation of Condition # _9_

| 202<br>Findings of Fact            0901 | 203<br>Evidence Relied Upon<br>(Type and substance) |
|---|---|
| *deny.* | *Convicted. ~~s+g~~.<br>"J+C"* |

**204  Conclusion**

204.1    Violation Sustained       ☑

204.2    Allegation Not Sustained  ☐

204.3    No Finding                ☐

-3-    [#___ of ___ alleged violations]

NAME: _____ ●____ DCDC#_____ HRG. DATE: _____

200  FINDINGS OF FACT, EVIDENCE, AND CONCLUSIONS

201  Alleged Parole Violation: *Subject failed to carry out all instructions of his Parole Officer. Subject failed to report Bi-Weekly as*

in violation of Condition # 10   *instructed By PO On 11-26-90 & 8 1-16-91, & 3-11-91.*

| 202 Findings of Fact | 203 Evidence Relied Upon (Type and substance) |
|---|---|
| *Not sure of dates.* | |

204  Conclusion

204.1    Violation Sustained    ☑

204.2    Allegation Not Sustained    ☐

204.3    No Finding    ☐

-3-        [#___ of ___ alleged violations]

NAME:_____ ● ___ DCDC#_____    HRG. DATE:_____

## 204  Summary of Conclusion(s)

|  |  |  | Condition # |
|---|---|---|---|
| 204.1 | No. of Technical violations sustained: | 2 | 4, 10 |
| 204.2 | No. of Criminal violations sustained: | 1 | 9 |
| 204.3 | No. of allegations NOT sustained: | 1 | 6 |
| 204.4 | No. of allegations with NO FINDING | 2 | 5, 9 |
|  | TOTAL NUMBER OF ALLEGATIONS = | 6 |  |

## 205  Other Relevant Factors

205.1    Mitigating Factors (Specify) _DED from Mim. Auto_
_body_____

_____

_____

_____

205.2    Aggravating Factors (Specify)_____

_____

_____

_____

_____

## 206  Alternatives Considered

206.1    Revocation is mandatory (violation involves PCP)    ☐

206.2    Revocation is the appropriate action    ☐

206.3    Revocation is not the appropriate action    ☐

INFORMATION FOR THE RECORD:_____

_____

_____

_____

-4-

NAME: _____●_____ DCDC#_____●HRG. DATE:_____

**300  POST-RELEASE DETERMINATION**

301  Maintain/Reinstate to Parole Supervision ☐
     (Provide details on page 6)

302  Revoke Parole & Grant Parole * ☐
     (Provide details on page 6)

303  Revoke Parole and Reincarcerate * ☐
     (Provide details on page 7)

304  Continue Case ☐
     (Provide details on page 8)

305  Issue Arrest Warrant for Failure to Appear for a ☐
     Revocation Hearing as Ordered    (Go to page 9)

306  Other (Specify): _____ ☐

     _____


*IF DETERMINED AT REVOCATION HEARING WITHOUT PRIOR DETENTION,
        ISSUE AND EXECUTE ARREST WARRANT ☐


INFORMATION FOR THE RECORD: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

-5-

_____ ●DCDC#_____    HRG. DAT●_____

MAINTAIN/REINSTATE TO PAROLE SUPERVISION                    ☐

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

REVOKE PAROLE & GRANT PAROLE RELEASE TO PLAN               ☐

REVOKE PAROLE & GRANT PAROLE RELEASE THRU WORK RELEASE
   ON OR AFTER _____                        ☐

REVOKE PAROLE & GRANT PAROLE TO DETAINER (specify jurisdiction):  ☐
   _____

REVOKE PAROLE & GRANT PAROLE TO CONSECUTIVE SENTENCE       ☐

REVOKE PAROLE & GRANT PAROLE TO CONSECUTIVE ADULT SENTENCE  ☐
   (Administrative grant for youth offender ONLY)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Check appropriate special conditions, if applicable:

☐ Narcotics surveillance          ☐ Alcohol abstention

☐ Employment restrictions (specify):_____

☐ Residence restrictions (specify):_____

☐ Substance abuse treatment:    __Inpatient    __Outpatient

☐ Counseling (specify type):_____

☐ Mental health treatment:    __ Inpatient    __ Outpatient

☐ Other (specify):_____

         _____

         _____

Remarks:_____

_____

_____

RMATION FOR THE RECORD:_____

_____

_____

_____

NAME:_____    DCDC#_____    HRG. DATE:_____

**303    REVOKE PAROLE AND REINCARCERATE**    ☐

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**A.    Future Action**

   1)  Do not reconsider for parole on this sentence    ☐

   2)  Reconsider for parole by:_____    ☐
      (Length of Set-Off =                    )

**B.    Programs/behavior/other factors to be reviewed upon reconsideration for parole:**

_____

_____

_____

_____

_____

_____

**C.    Remarks:**_____

_____

_____

_____

INFORMATION FOR THE RECORD:_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

NAME:_____    DCDC#_____    HRG. DATE:_____

304.1  CONTINUE CASE FOR ATTORNEY                                    ☐

304.2  CONTINUE CASE FOR ASSIGNED PAROLE OFFICER                     ☐

304.3  CONTINUE CASE FOR RECEIPT OF ADDITIONAL INFORMATION           ☐

      Specify:_____

304.4  CONTINUE CASE FOR OTHER REASON                                ☐

      Specify:_____

**********************************************************************

A.    Reschedule this case by:_____.

B.    Continued Case Detention Analysis

    1)  Detention IS NOT recommended pending continuation of case.      ☐

    2)  Detention IS recommended pending continuation of this case based on
        consideration of the following.  IF DETERMINED AT A REVOCATION HEARING
        WITHOUT PRIOR DETENTION, ISSUE AN AN ARREST WARRANT.

        a) There is potential of harm to the public or to the parolee/releasee
           if parolee/releasee is allowed to remain in or return to the
           community.                                                ☐

        b) The parolee/releasee is likely to fail to appear for continuation  ☐
           of the case.

        c) The parolee/releasee has demonstrated instability while under       ☐
           supervision.

        d) Community resources are unavailable which contribute to the
           stabilization of the parolee/releasee, such as residence or          ☐
           employment.

C.    Remarks:_____

_____

_____

INFORMATION FOR THE RECORD: _____

_____

_____

_____

_____

DISPOSITION OF THE BOARD OF PAROLE

Name: Dews, Ivory                          DCDC# 195-508

Consideration Type: Revocation            Date: 4-16-92

HEARING OFFICIAL'S RECOMMENDATION:    C+ MC        Code: RV-01-23

Disposition: Revoke Parole. Recon consistent w/ new PCD.

Disposition is WITHIN the Guidelines:  [ ] Yes    [ ] N/A    [ ] No, see page____

Special Condition(s):_____

Special Instruction(s): Participate in programs

Staff Follow-up Action(s):_____

HEARING EXAMINER'S SIGNATURE & DATE:_____

*********************************************************************

NONCONCURRENCE:  See page 9a

Board Member_____    Date_____

Board Member_____    Date_____

Board Member_____    Date_____

#####################################################################

CONCURRENCE:  The Board of Parole, represented by the Members signing below, has examined the relevant information in this case, concurs with the disposition above, and orders that the appropriate implementing documents be issued.

Board Member_____    Date 4-16-92

Board Member_____    Date 4/16/92

Board Member_____    Date 4/16/92

(9)

**EXHIBIT 17**

 

# The Board of Parole
## of the
# District of Columbia
### NOTICE OF BOARD ORDER

 

Order # 1 of 1

In reference to:

**DCDC** 195-508    **NAME** IVORY  DEWS

**DOB** ███████    **SSN** ███████    **LOCATION** COMPLEX

**DOCKET** H9204-0092    **CONSIDERATION TYPE** H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

    REVOKE PAROLE FOR CRIMINAL AND NONCRIMINAL VIOLATION(S);
CONSIDER WHEN PAROLE ELIGIBLE ON AGGREGATED SENTENCE

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

    PROGRAM PARTICIPATION

Remarks:

    ILLEG USED NARCOTIC DRUG
    FAILED TO OBEY ALL LAWS
    FAILED TO COOPERATE FULLY W/BOARD

4/23/92    Erias Athyman 5

04/16/1992
**Date**

Seal

                                     **Chairman**
                   **on behalf of the Board of Parole**

NOA Date 4-24-92 by M.H.    [ Parole Determination File ]
                                     DAVIS, J

**Exhibit** 17

**EXHIBIT 18**

# BOARD OF PAROLE
# DISTRICT OF COLUMBIA
# CERTIFICATE OF PAROLE

## ADULT

ADULT PAROLE CERTIFICATE – # 15327–95

The **DISTRICT OF COLUMBIA BOARD OF PAROLE**, having been advised

that _____ DEWS, Ivory _____ **D.C.D.C.** _195–508_ is eligible to be

**PAROLED**, and it being the opinion of the **BOARD OF PAROLE** that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision is

not incompatible with the welfare of society, it is **ORDERED** by the **BOARD** that the above-

named be **PAROLED** on _____ June 30, 19 95, and that said person remain under supervision

within the limits of the _Washington; Metro Area_ (including the District of Columbia; Prince

Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia,

including the cities of Alexandria, Fairfax and Falls Church, Virginia) until

_July 8, 2009_ , 19___ ; unless or until other action is taken by the District of Columbia

**BOARD OF PAROLE.**

This action is subject to the above-named individual's signing an agreement to abide by

and comply with all of the conditions of parole as shown on the reverse side of this of this

**CERTIFICATE.**

Given under the hands and seal of the **BOARD** this _____ 11th _____ day

of _Janaury_ , 19_95_.

The above-named was released on

the ____ day of _____, 19___.

_____
Administrator

_Margaret Quick_ – E

**Exhibit** _18_

**EXHIBIT 19**

 

## Institutional Revocation Prehearing Assessment

**Original Offense of Conviction:**   Attempted Robbery, CPWOL, Assault W/I to Rob and Unlawful distribution of controlled substance. The original offenses occurred in 1979 and he has been a PV on several occasions. In 8/79 on two occasions, victims were stopped at a traffic light when they were approached by the subject with a pistol and he threatened to "blow their heads off".

**Violation Behavior:** The subject is charged with two instances of Driving Under the Influence, Uttering checks with insufficient fuinds, petty larceny, theft of stolen motor tags and failure to report his arrests to the Parole Officer.

### Institution:  D.C. Jail/CDC

**Jurisdiction:** DC                    DCDC Number: 195-508                    PDID Number: 309-900

| | | | |
|---|---|---|---|
| Name.....................: | DEWS Ivory | MR Date................................: | 03/09/2011 |
| Reg. No...................: | 00195-508  26655-037 | Full Term Date.........................: | 10/16/2015 |
| Birth Date................: | | Months To Projected MR............: | 113 |
| Examiner.................: | Kowalski Thomas C. | Jail Credit...............................: | 0 |
| Prehearing Date..........: | 11/19/2001 | In-Operative Time....................: | 0 |
| Days In The Custody...: | 41 | Date Warrant Execute.................: | 10/09/2001 |
| Sentence Type............: | Adult | Deadline for Revocation Hearing...: | 01/07/2002 |
| Sentence Length.........: | 14 years 0 months 8 days | Fines/Court Assessment..............: | $0 |

Detainer:  None.

Additional Text:   None.

**Previous Parole Action:**   The subject began this sentence in 11/79 and first paroled on 10/10/84.

He was returned as a violator and revoked on 5/23/86 and granted reparole on 9/29/86.  On 11/24/86 the grant of parole was set aside and a special hearing was scheduled before the Board.  After the hearing the reparole date was confirmed and he was actually released to the community on 1/12/1987.

A violator warrant was issued in 4/87 and parole was revoked on 2/19/88. He was released to the community on 9/16/1988.

Another violator warrant was issued on 3/1/89 and parole was revoked on 4/11/89.  He escaped from a CCC on 10/31/89.  After a rescission hearing he was granted parole and released on 7/31/1990.

An arrest warrant was issued on 6/17/91 but at this point, the D.C. file appears to be lacking documents and there is no information until he is paroled on 1/11/1995 through work release.  He returns to the community on 6/30/1995.

The D.C. Board denied placement in inactive supervision on 3/11/98 and 8/20/99.



On 12/9/99 the D.C. Board issued an arrest warrant for a drug arrest but on 6/2/2000 the subjet was reinstated to supervision after the case was no-papered.

On 3/13/2001 the USPC issued an arrest warrant and it was executed on 10/9/2001.

**Instant Warrant Information:**  The warrant was issued on 3/13/2001 and executed on 10/9/01. Since the subject incurred new convictions no preliminary interview was required.

**Review of Charges:**

CHARGE NUMBER:   1 - Failure to Report Arrest. Driving Under The Influence
Violation Behavior....:   Subject was arrested on 7/6/99 and he subsequently failed to appear in court and he failed to report to his supervision officer that he was arrested.

CHARGE NUMBER:   2 - Failure to Report Arrest. Driving Under the Influence of Alcohol.
Violation Behavior....:   Subject had a jury trial on this offense and according to him, paid a $300 fine. He failed to advise his sujpervision officer of this arrest.

CHARGE NUMBER:   3 - Theft with forgery, fraud, embezzlement, vehicle theft (but not car jacking).
Violation Behavior....:   On 11/17/99 the subject puchased merchandise valued at $326.33 with a check that was worthless. On the same date he purchased merchandise valued at $106.13 with a worthless check.

CHARGE NUMBER:   4 - Failure to Report Arrest. Theft with forgery, fraud, embezzlement, vehicle theft (but not car jacking).
Violation Behavior....:   On 12/9/99 the subject was found to be in possession of a stolen vehicle tag. The case was nol prossed but he failed to advise his supervision officer of his arrest.

CHARGE NUMBER:   5 - Failure to Report Arrest.
Violation Behavior....:   Subject was arrested on 9/7/99 by the Park Police and chasrged with PWID crack cocaine.  The case was no-papered but the subject did not report the arrest to the officer.

CHARGE NUMBER:   6 - Failure to Report Arrest. Theft with forgery, fraud, embezzlement, vehicle theft (but not car jacking).
Violation Behavior....:   On 12/21/2000 the subject was arrested for cashing a counterfeit payroll check from the Washington Hospital Center in the amount of $498.25. Subject failed to notify the supervision officer of his arrest.

CHARGE NUMBER:   7 - Failure to Report PO as Directed.
Violation Behavior....:   On 12/21/2000 the subject failed to report to his supervision officer as directed.

CHARGE NUMBER:   8 - Petty Larceny
Violation Behavior....:   On 1/7/2001 the subject was arrested after he stole a CD player valued at $100.



**Institutional Adjustment and Release Plans:**  There is no Progress Report in the file or in the PV packet in order to assess his conduct while in confinement for the parole violation.

**Salient Factor Score   (SFS-98)**

**Prior Convictions:**

| Date | Offense | Disposition of 3 most significant prior convictions: |
|------|---------|------------------------------------------------------|
| 08/10/1979 | Assaulot W/I To Rob, Robbery and Attempted Robbery | 5 to 15 years |
| 01/10/1986 | Attempted Citizen Robbery; Resisting Arrest | 1 year probation |
| 07/02/1991 | Distribution of Cocaine | 4 to 12 years |

SFS Item A =   1       Subject has 3 prior convictions/adjudication.

SFS Item B =   0       Subject has  6  commitments of more than 30 days that were imposed prior to the last overt act of the current offense.

SFS Item C =   1       Subject was  42  years old at the commencement of the current offense and had  6 prior commitments.

SFS Item D =   1       07/06/1999 - Commencement of present offense.
                       06/30/1995 - Release to the community from last commitment.

SFS Item E =   0       Subject is a Parole status violator.

SFS Item F =   1       Sum of Items A-E =  3  and the offender was 42 years old at the commencement of the current offense.

**Salient Factor Score =  4**

---

**Severity:**  Two

**Violation Type:**  Administrative and Criminal, involving: 0 - Drug, 6 - Absconding, 0 - Other violation(s)

**Re-parole Guidelines (range in moths):  12 - 16**

---

**Conduct Warranting Rescission Guidelines:**  None

| Number | Type of Offense | Guidelines (range in months) |
|--------|-----------------|------------------------------|

 

**Rescission Guidelines (range in months):**          **0 - 0**

**Rescission Conduct Description:**   None.


**Aggregate Guidelines (range in months):   12 - 16**

**Risk:**   None.

**Evaluation:**   The subject has a long history of parole violations on this original sentence which commenced in 1979.  His violations at this time are series of Category One offenses.  Pursuant to the Multiple Offense Ruloe, the overall severity would be Category Two.  The reparole guidelines are 12 to 16 months. He will be in cstody for 2 months as of 12/10/2001.

**EXHIBIT 20**



# REVOCATION HEARING SUMMARY

| | |
|---|---|
| **Name** . . . . . . . . . . : DEWS, Ivory | **Supervision** . . . . . : parole |
| **Reg** . . . . . . . . . . . : 26655-037 | **Artuso** . . . . . . . . . : NO |
| **Examiner** . . . . . . . : Kenneth Walker | **Artuso Years Remaining:** |
| **Warrant Executed** : 10/9/2001 | **Months in Custody** : 9 |
| **Preliminary Interview:** 10/9/2001 | **Custody Type** . . . : Both federal and state |
| **Institution** . . . . . . : Philadelphia FDC | |
| **2nd Designation** . : Rivers | **Projected MR Date** : 3/9/2011 |
| **Revoking District** : District of Maryland (Greenbelt) | **Full Term Date** . . : 10/16/2015 |
| **Hearing Type** . . . . : Institutional | **Hearing Date** . . . . : 1/24/2002 |

It appears that of 1/7/2001 the subject was arrested and will remain in custody of Arlington County until April of 2001. The subject was sentenced concerning the arrest that occurred on 1/7/2001 for Petty Larceny in which he received a 12 month custody term, 6 months was suspended and was given a $200 fine. It appears that once the subject was released from this he then was sentenced to the Circuit Court in Maryland and remained in that custody until 6/20/2001. It is requested that the USPO (Mr. Brooks) be contacted to confirm the subject's time in custody while in Arlington County, VA and in the District Court the Circuit Court in Charles County, MD.

## I. Counsel And Witnesses:

Stuart Patchen
Federal Public Defender
540 West Independence Square West
Philadelphia, PA 19106
(215) 928-1100

**Witnesses Name & Any Explanatory Text Concerning Counsel and/or Witnesses:**

None.

## II. Procedural Considerations:

None.

## III. Instant Warrant Information:

DEWS.266    Typist: PAH    Date Typed: January 31, 2002              Page 1 of 6

**Exhibit** _____20_____

Please refer to a Pre-review dated 11/19/2001.

**IV. Review of Charges:**

Charge No. 1 (A) - Driving While Intoxicated.

Charge No. 1 (B) - Driving Under the Influence.

Charge No. 1 (C) - Failure to Appear.

Charge No. 1 (D) - Failure to Report Arrest.

The subject admitted to these violations. The attorney indicated that Mr. Dews would explain the various violations near the end of the hearing to basically give a summary.

Charge No. 2 (A) - Driving Under the Influence of Alcohol.

Charge No. 2 (B) - Failure to Report Arrest.

The inmate admitted these charges.

Charge No. 3 (A) - Theft of $300.

Charge No. 3 (B) - Bad Check Uttering $300.

Charge No. 3 (C) - Theft of Less than $300.

Charge No. 3 (D) - Bad Check Uttering Under $300.

Mr. Dews denied this charge noting that someone was using his name and he never wrote these checks. He indicated that he has attempted to try to find out what occurred concerning these charges but has been unable to do so. He did indicate that the case was placed on a Stet Docket. The subject did indicate that his wife lost her purse and they had a number of checks that were being written that neither he nor his wife had authorized.

Charge No. 4 (A) - Theft of Less Than $300.

Charge No. 4 (B) - Failure to Report Arrest.

The subject denied Charges 2 (A) and 2 (B). He reported that his wife had contacted the probation officer about this arrest. In asking the inmate if he spoke to his PO about this he indicated that he never did and that he just assumed that when his wife called him that the PO was aware of the arrest. He noted that he had had several conversations with his parole officer and he never said anything to him about the charges and he assumed that he was aware.

Charge No. 5 - Failure to Report Arrest.

The inmate admitted this charge.

DEWS.266     Typist: PAH     Date Typed: January 31, 2002     Page 2 of 6

Charge No. 6 (A) - Uttering False Document.

Charge No. 6 (B) - Theft Less than $300.

Charge No. 6 (C) - Failure to Report Arrest.

The inmate denied this charge noting that he had told his PO about this arrest. He indicated that his PO at the time Mr. Leathers appeared to have a lot of conflicting problems with each other and it remained that way until he was transferred to another Probation Officer Mr. Brooks.

Charge No. 7 - Failure to Report to Supervision Officer as Directed.

The inmate admitted this charge noting that he was unable to report on that particular day because he was involved in a car accident.

Charge No. 8 (A) - Petty Larceny.

Charge No. 8 (B) - Theft.

The inmate admitted this noting that he was sentenced in Arlington District Court in which he received a 12 month sentence with 6 months being suspended and was given a $200 fine.

In summary, the inmate indicated that most of these violations incurred as a result of his ongoing alcohol and drug problems but eventually he was able to enter a drug program and was able to begin to make some efforts in resolving some of his alcohol and drug addiction disorders. The subject reported that because of these ongoing problems that he and his wife lost their home and his wife and daughter are currently in a shelter.

Attorney Patchen provided several documents reflecting some of the positive adjustment that Mr. Dews began to make. Item-1 reflected that the subject entered the Installation/Maintenance Training Program in July of 2001 and in August 30, 2001 he was referred to a Drug Treatment Program titled R? Treatment Center. Counsel indicated that Mr. Dews has also attended AA Groups and also was working at the time  when the warrant was executed and improved his overall adjustment.  Counsel further noted that the Parole Commission offered the subject an expedited revocation after the service of 12 months and he hoped that this date will be able to be lowered.  He noted that he believes his client should receive some credit for time in custody when he was arrested in Arlington County, VA on 1/7/2001 in which he remained in custody until 6/20/2001.

## V. Findings of Fact And Basis:

The Examiner finds that subject has committed the following violation(s): Charge No. 1 (A) - Driving While Intoxicated.

Charge No. 1 (B) - Driving Under the Influence.

Charge No. 1 (C) - Failure to Appear.

Charge No. 1 (D) - Failure to Report Arrest.

Basis: Your admission to the examiner and documentation submitted by USPO Leathers dated 1/30/2001.

Charge No. 2 (A) - Driving Under the Influence of Alcohol.

Charge No. 2 (B) - Failure to Report Arrest.

Basis: Your admission to the examiner and documentation submitted by USPO Leathers dated 1/30/2001.

Charge No. 3 (A) - Theft of $300.

Charge No. 3 (B) - Bad Check Uttering of $300.

Charge No. 3 (C) - Theft of Less Than $300.

Charge No. 3 (D) - Bad Check Uttering Under $300.

Basis: Documentation submitted by USPO Leathers dated 1/30/2001.

Charge No. 4 (A) - Theft of Less Than $300.

Charge No. 4 (B) - Failure to Report Arrest.

Basis: Documentation submitted by USPO Leathers dated 1/30/2001.

Charge No. 5 - Failure to Report Arrest.

Basis: Your admission to the examiner.

Charge No. 6 (A) - Uttering False Document.

Charge No. 6 (B) - Theft of Less Than $300.

Charge No. 6 (C) - Failure to Report Arrest.

Basis: Documentation submitted by USPO Leathers dated 1/30/2001

Charge No. 7 - Failure to Report to Supervision Officer as Directed.

Basis: Your admission to the examiner and documentation submitted by USPO Leathers dated 1/30/2001.

Charge No. 8 (A) - Petty Larceny.

Charge No. 8 (B) - Theft.

DEWS.266    Typist: PAH    Date Typed: January 31, 2002          Page 4 of 6


Basis: Your conviction in the Arlington County District Court on 3/14/2001 and your admission to the examiner.

**No Findings And Supporting Rational:**

The Examiner makes no finding concerning the following charge(s): .

**VI. Previous Commission Action:**

Please refer to a Pre-review dated 11/19/2001.

**VII. Fines, Restitution, Other court Ordered Payments:**

**VIII. Parole Risk:**

**IX. Community Resources And Issues:**

The inmate reported that upon his release he plans to reside with his uncle ██████████ ████████████████████████, DC ████2, (phone unknown). In regard to employment this has yet to be determined.

**X. Salient Factor Score:**

    1  - A. Prior Convictions/Adjudications (Adult or Juvenile)
    0  - B. Prior Commitment(s) of More than 30 Days (Adult/ Juvenile)
    1  - C. Age at Current Offense/Prior Commitments
         (5 or more commitments)
    1  - D. Recent Commitment Free Period (Three Years)
    0  - E. Probation/Parole/Confinement/Escape Status Violator
    1  - F. Older Offenders
    4  - **Total Salient Factor Score**

**XI. Evaluation:**

The examiner is recommending that the subject be considered for parole at the bottom of the guidelines. It appears that this will hold him accountable for his overall conduct in addition the inmate will lose credit for all street time. This in turn will modify the subject's full term date to 10/16/2015 and give him a projected MR date of 3/9/2011. As of today's hearing the inmate has been in custody 9 months. The inmate was offered an expedited revocation after the service of 12 months but he declined because he wanted to explain his situation at the Institutional Revocation Hearing. The examiner believes that based on the preponderance of evidence standard concerning some of the criminal conduct specifically driving under the influence, writing worthless checks and in possession of a stolen vehicle tag that there is sufficient evidence of a preponderance of evidence standard to support that the inmate was involved in this conduct. The inmate did admit to a number of these infractions as well as in addition there was new criminal convictions for Charge



No. 8, for Petty Larceny that occurred in Arlington County, VA. Also concerning Charge No. 3, the subject was placed on a Stet Docket which gives some credence to the fact that the subject was involved in writing a worthless check (Charge 3).

One of the main issues in this case is how much time that subject should be given credit for. It appears that the subject was arrested 1/7/2001 and he remained in custody through 6/20/2001. The subject reported that he completed his 6 months sentence in Arlington County, VA in April of 2001 and then went to Charles County on a detainer based on one of the charges as reflected on the warrant application (Charge No. 3). There is some information in the file to reflect that the subject significantly served a custody term in Arlington County but the exact date when the inmate was released is undetermined. It had been requested that this be reviewed in the office.

## XII. Recommendation:

Revoke parole. None of the time spent on parole shall be credited. Parole effective after the service of 12 months on 4/26/2002. You shall be subject to the Special Drug and Alcohol Aftercare Conditions. You shall participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the Parole Commission for the treatment of narcotic addiction or drug and/or alcohol dependency, which may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

## XIII. Reasons:

Your parole violation behavior has been rated as Category Two severity because it involved both criminal and administrative violations, specifically: Category 2 severity, Multiple Separate Category One offenses of Theft and Administrative Violations. Your new salient factor score is 4. As of your hearing date of 1/24/2002, you have been in Both federal and state custody for 9 months. Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

Subsequent statutory interim not required.

As previously indicated the examiner is requesting that an attempt be made to confirm the amount of time that the subject served in custody in Arlington County, VA for his arrest that occurred on 1/7/2001. Moreover, the subject reported that he was released from this term in April 2001 and then was placed in custody in Charles County, MD on a detainer based on Charge No. 3 as reflected on the warrant application. Should it be determined that the subject should be given credit for time in custody from the day of arrest on 1/7/2001 through April 2001 only, then additional months should be added on to the recommended parole effective date. The examiner's recommendation was based on that the subject had remained in custody though June 20, 2001.

**EXHIBIT 21**

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

---

Name: DEWS, Ivory

Register Number: 26655-037

Institution: Philadelphia FDC
Rivers CI

DCDC No.: 195-508

---

In the case of the above named the following parole action was ordered:

Revoke parole. None of the time spent on parole shall be credited. Parole effective after the service of 12 months (04/26/2002). You shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and/or alcohol dependency, which may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

<u>FINDINGS OF FACT:</u>

The Commission finds as a fact that you violated the condition of release as indicated below:

Charge No. 1 (A) - Driving While Intoxicated.

Charge No. 1 (B) - Driving Under the Influence.

Charge No. 1 (C) - Failure to Appear.

Charge No. 1 (D) - Failure to Report Arrest.

Basis: Your admission to the examiner and documentation submitted by USPO Leathers dated 01/30/2001.

Charge No. 2 (A) - Driving Under the Influence of Alcohol.

Charge No. 2 (B) - Failure to Report Arrest.

Basis: Your admission to the examiner and documentation submitted by USPO Leathers dated 01/30/2001.

Charge No. 3 (A) - Theft of $300.

Charge No. 3 (B) - Bad Check Uttering of $300.

Charge No. 3 (C) - Theft of Less Than $300.

---

Date: February 14, 2002

BOP-Rivers Correctional Institution    Page 1 of 4

Clerk: adc

DEWS.266

**Exhibit** ___21___

Charge  No. 3 (D) - Bad  Check  Uttering  Under  $300.

Basis:  Documentation  submitted  by USPO  Leathers  dated  01/30/2001.

Charge  No. 4 (A) - Theft  of Less  Than  $300.

Charge  No. 4 (B) - Failure  to Report  Arrest.

Basis:  Documentation  submitted  by USPO  Leathers  dated  01/30/2001.

Charge  No. 5 - Failure  to Report  Arrest.

Basis:  Your admission  to the examiner.

Charge  No. 6 (A) - Uttering  False  Document.

Charge  No. 6 (B) - Theft  of Less  Than  $300.

Charge  No. 6 (C) - Failure  to Report  Arrest.

Basis:  Documentation  submitted  by USPO  Leathers  dated  01/30/2001.

Charge  No. 7 - Failure  to Report  to Supervision  Officer  as Directed.

Basis:  Your admission  to the examiner  and documentation  submitted  by USPO  Leathers  dated 01/30/2001.

Charge  No. 8 (A) - Petty  Larceny.

Charge  No. 8 (B) - Theft.

Basis:  Your conviction  in the Arlington  County  District  Court on 03/14/2001 and your admission  to the examiner.

<u>REASONS</u>:

Your parole  violation  behavior  has been  rated as Category  Two severity  because it involved  both criminal and administrative  violations, specifically  Multiple  Separate  Category  One offenses of Theft and Administrative  Violations.  Your new salient  factor  score is 4.  As of your hearing  date of 01/24/2002,  you have been  in custody  for 9 months.  Guidelines  established  by the Commission indicate  a customary  range of 12-16  months  to be served  before  release.  After review  of all relevant factors and information  presented,  a decision  outside the guidelines  at this consideration  is not found warranted.

THE  ABOVE  DECISION . IS NOT  APPEALABLE.

Copies  of this Notice  are sent to your institution  and to your Supervision  Officer.  In certain  cases, copies  may also be sent to the sentencing  court.  You are responsible  for advising  any others  you wish to notify.

---

Date: February  14, 2002

BOP-Rivers  Correctional  Institution    Page  2 of 4

Clerk:  adc

DEWS.266

See the attached  sheet  for an explanation   of the Salient  Factor  Score  and  your item  individual   points.

cc:

U.S. Marshal
District  of Columbia  - District  Court
333 Constitution   Avenue,  N.W.
Room 7337
Washington,   D.C.  20001
Attn:  Warrant   Squad

CSS Management   Group
Attn: Sharon  Barnes-Durbin,  SCSA
300 Indiana   Avenue,  NW
Second  Floor, Suite 2149
Washington,   DC 20001

Stuart   Patchen
Federal  Public  Defender
540 West Independence   Square  West
Philadelphia,   PA 19106



---

Date: February   14, 2002

Clerk:  adc

**BOP-Rivers**  Correctional   Institution    Page  3 of 4

DEWS.266

 

| Your Pts | SFS-98 Item Explanations |
|---|---|
| 1 | A - Prior convictions/adjudications    (adult or juvenile)  None = 3; One = 2;Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments  of more than 30 days (adult or juvenile)  None = 2;One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement  of the current offense/prior commitments  of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 1 | D - Recent commitment  free period (three years)  No prior commitment  of more than thirty days (adult or juvenile), or released  to the community  from last such commitment  at least three years prior to the commencement  of the current  offense = 1; Otherwise  = 0 |
| 0 | E - Probation/parole/confinement/escape    status violator this time  Neither on probation,  parole, confinement,  or escape status  at the time of the current  offense; nor committed  as a probation,  parole, confinement  or escape  status  violator this time =1; Otherwise  = 0 |
| 1 | F - Older offenders  If the offender was 41 years  or more at the commencement  of the current  offense  (and the total score from items A-E above is 9 or less) =1; Otherwise  = 0 |
| 4 | Total Salient  Factor Score (SFS-98) (sum  of points for A- F above) |

| Points For SFS-98 Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-1 | 2-4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 19-19 | 0 | 0 | 0 |

Date: February   14, 2002                                    Clerk: adc

**BOP-Rivers   Correctional   Institution       Page  4 of 4**          DEWS.266

**EXHIBIT 22**

**U.S. Department    of Justice**
**United States    Parole    Commission**

**CERTIFICATE    OF PAROLE**
**District    of Columbia    Offender**

Know  All Men  By These  Presents:

It having  been  made  to appear  to the United  States  Parole Commission  that **DEWS, Ivory, REG No. 26655-037**, (DCDC No. **195-508**), is eligible  to be paroled,  and that  there is a reasonable probability  that  the prisoner  will live and remain  at liberty  without  violating  the law, and that his release  is not incompatible   with the welfare  of society,  it is ORDERED   by the said United  States Parole Commission  that said prisoner  be paroled on **April  26, 2002**, and that  said prisoner  is to reside  within  the District  of Columbia  and to remain  within  the limits  of the Washington,   D.C. Metropolitan  Area (including  the District  of Columbia;  Prince  Georges  and Montgomery  Counties of Maryland;  Arlington  and Fairfax  Counties  of Virginia;  including  the cities  of Alexandria,   Fairfax, and Falls Church,  Virginia)  until  and including  October 16,  2015.

Given  under  the hands  and the seal  of the United  States  Parole  Commission  on **April  17, 2002**.

UNITED  STATES  PAROLE  COMMISSION

*Juanita  E. Holmes*

By:  Juanita  E. Holmes,  Parole  Info.  Specialist

Docket/Case  Number:  **F4446-79,7643-91**
Initial  Risk Category:  SFS  4
Acknowledgement   of Release   Conditions:
I have  read, or had  read  to me  the conditions  of release  printed  on the attached  Conditions  of Release  form and received  a copy thereof.  I fully  understand  them  and know  that  if I violate  any, I may be recommitted.

**Consent  to the Disclosure  of Drug/Alcohol  Treatment  Information:**
By signing  this  Parole  Certificate,  I consent  to the unrestricted  communication  between  any treatment  facility  administering  a drug  or alcoholic  treatment  program  in which  I am, or will be participating,   and the Parole  Supervision  Services  Division  of the District  of Columbia  Board of Parole.  I further  consent  to the disclosure  by such  facility  to the Parole  Supervision  Services Division  of any information  requested,  and the redisclosure  of such  information  to any agencies  that require  it for the performance  of their  official  duties.  This  consent  shall  be irrevocable  until  the termination   of parole  supervision.

_____        _____
        Name                                      DCDC No.

Witnessed:  _____
              Name  and Title                        Date

The above-named   person  was released  on the _____ day of _____,  20_____ with a total  of _____  days  remaining   to be served.

_____
Official  Certifying   Release

BOP-Rivers   Correctional   Institution

Exhibit  _____ 22

**EXHIBIT 23**



# PUBLIC DEFENDER SERVICE
### FOR THE DISTRICT OF COLUMBIA

**BOARD OF TRUSTEES**

CYNTHIA D. ROBBINS
    CHAIRPERSON
JO-ANN WALLACE
    VICE CHAIRPERSON
EMILIO W. CIVIDANES
THOMAS L. BOWEN
CLAIRE M. JOHNSON
HANNAH JOPLING
KARL A. RACINE
JEFFREY D. ROBINSON
DONALD R. VEREEN, JR.
ROBERT L. WILKINS

633 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20004

(202) 628-1200
(800) 341-2582

FAX (202) 824-2640

www.pdsdc.org

AVIS E. BUCHANAN
DIRECTOR

PETER KRAUTHAMER
DEPUTY DIRECTOR

## FACSIMILE TRANSMISSION

| | | | |
|---|---|---|---|
| **To:** | Lori Gobble | **From:** | Hunter Labovitz, Staff Attorney |
| **Fax:** | 301-492-5908 | **Pages:** | 3, including this page |
| **Phone:** | 301-492-5821 x 171 | **Date:** | 1/31/2005 |
| **Re:** | Accepted offer for Ivory Dews, Fed. Reg. No. 26655-037, D.C.D.C. No. 195-508, | **CC:** | |

**Message:**

Attached

The information in this facsimile message is privileged and confidential and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please notify the specific sender indicated above.

AN EQUAL OPPORTUNITY EMPLOYER

Exhibit ____ 23

01/31/05  08:32 FAX 202 626 0791                                                    ☑002
01/21/2005 09:54 FAX 30149270●        USPC              ●                    ☑004

## NOTICE TO ALLEGED PAROLE, SPECIAL PAROLE, MANDATORY RELEASE, OR SUPERVISED RELEASE VIOLATOR ELIGIBILITY FOR EXPEDITED REVOCATION PROCEDURE

Name: Dews, Ivory    Reg. No: 26655-037    DCDC No. 195-508

1.    This is to inform you that the Parole Commission has found probable cause to believe that you have violated the conditions of your release.

2.    The specific charges upon which these findings are based:

Charge No. 1 - Failure to Submit to Drug Testing

Charge No. 2 - Violation of Special Condition (Alcohol Aftercare)

Charge No. 3 - Use of Dangerous and Habit Forming Drugs

3.    Based on the finding of probable cause and information available to the Commission at this time, if you are revoked after a revocation hearing, your guidelines will be as follows:

Your violation behavior has been rated as Category One severity because it involved administrative violations. Your salient factor score is 2 (see attached sheet). You have been in federal confinement as a result of your behavior for a total of 1 month(s) as of 1/13/2005. Guidelines established by the Commission indicate a range of 12 to 16 months to be served.

Pursuant to its regulations, the Commission will render a decision within the applicable guideline range unless it finds good cause to render a decision above or below the applicable guideline range and provides specific reasons.

4.    Your violation behavior makes you eligible to apply for the following expedited procedure. You may, if you wish, waive your right to a revocation hearing, accept responsibility for your conduct, and consent to revocation on the record. If you do so, the Commission will take the following action in your case:

• Revoke Parole; None of the time spent on Parole shall be credited. Continue to a presumptive parole on 12/12/2005 after the service of 12 months.
• In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

5.    For the Commission to approve your application for this expedited revocation procedure, the completed form must be received by the U.S. Parole Commission within 14 days of the date noted on the cover letter. If

the completed form is not received within 14 days, the revocation hearing will be held and the proposed decision set forth will not be binding on the Commission.

6.      You are under no obligation to apply for the expedited revocation procedure set forth above. If you do not wish to waive your right to a revocation hearing and accept the proposed decision set forth, please indicate below that you decline the proposal. You will be given a revocation hearing under normal procedures. After your revocation hearing, the Commission, on the basis of the information available, may take any action authorized by its regulations. Thus, the action taken by the Commission may be the same, more favorable, or less favorable than the proposed action set forth above. The fact that you chose to have a revocation hearing rather than accept the proposed decision set forth above will not be taken into account.

I hereby waive my right to a revocation hearing before the U.S. Parole Commission. I accept responsibility for the conduct charged against me in the warrant application and I accept the proposed Parole Commission decision set forth on this form. I understand that my reparole date is contingent upon my maintaining a record of good conduct in the institution up to the date of release and an acceptable release plan. I also understand that my consent will not constitute an enforceable agreement with respect to any other action the Commission is authorized to take by law or regulation, or to limit in any respect the normal consequences of revocation.

Because I accept the proposed U.S. Parole Commission's decision set forth on this form, I understand that I am waiving my right to appeal this decision.

_____          1-21-05
           Signature                        Date

_____          1-21-05
           Witness                          Date

_____

I decline the U.S. Parole Commission's revocation proposal. I wish to have an in-person revocation hearing.

_____          _____
           Signature                        Date

_____          _____
           Witness                          Date

I wish to request a 14-day extension to consider this proposal.

_____          _____
           Signature                        Date

**EXHIBIT 24**

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: DEWS, Ivory | Institution:  D.C.-Correctional Treatment Facility |
| Register Number: 26655-037 | |
| DCDC No: 195-508 | Date:     February 3, 2005 |

In the case of the above-named, the following action was ordered:

## DC EXPEDITED REVOCATION

Revoke Parole; None of the time spent on Parole shall be credited. Continue to a presumptive parole on December 12, 2005 after the service of 12 months.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

## FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1   Failure to Submit to Drug Testing

Charge No. 2   Violation of Special Condition (Alcohol Aftercare)

Charge No. 3   Use of Dangerous and Habit Forming Drugs

## REASONS:

Pursuant to the revocation proposal you signed on 1/21/2005. Your violation behavior has been rated as Category One severity because it involved administrative violations. Your salient factor score is 2 (see attached sheet). You have been in federal confinement as a result of your behavior for a total of 1 month(s) as of 1/13/2005. Guidelines established by the Commission indicate a range of 12 to 16 months to be served.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

Exhibit ___24___

cc:    Hunter Labovitz
       Public Defender Service
       District of Columbia
       Special Proceedings Division
       633 Indiana Avenue, N.W.
       Washington, D.C. 20004

       U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Ave, N.W., Rm 1400
       Washington, D.C. 20001
       Attn: Karen Brown



DEWS 26655-037      -2-      Clerk: OMG
Queued: 02-03-2005 11:44:58 BOP-D.C.-Correctional Treatment Facility | USM-District of Columbia - District Court, D.C.
District Court | FPD-District of Columbia, District of Columbia - DC |



## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years)<br>No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time<br>Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | F - Older offenders<br>If the offender was 41 years of more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | Salient Factor Score (SFS-98) (sum of points for A-F above) |



| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

**EXHIBIT 25**



**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Having determined that (1) Dews, Ivory, Register No. 26655-037, (DCDC No. 195-508) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on **April 11, 2006** and remain under parole supervision through **December 9, 2019**. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on April 3, 2006.

UNITED STATES PAROLE COMMISSION

*Dawn M Booze-Hill*

By: Dawn M. Booze-Hill, Case Services Technician

Docket/Case Number: F4446-79, E7643-91
Initial Risk Category: SFS - 2

**Acknowledgement of Release Conditions**
I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**
By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

_____      _____
Name                                         DCDC No.

Witnessed: _____
                Name and Title                              Date

The above-named inmate was released on the _____ day of _____, 20____ with a total of _____ days remaining to be served.

_____
Official Certifying Release

Queued: 04-03-2006 12:14:30 BOP-Hope Village CCC |

Exhibit _____25_____

**EXHIBIT 26**

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name ............................... Dews, Ivory

Reg. No ........................... 26655-037
DCDC No. ..................... 195-508
FBI No ......................... 362 815 V3
Birth Date.......................
Race............................... **Black**

Date........................................... **January 28, 2008**
Termination of Supervision......**12-9-2019**
[If Conviction Offense Before April 11, 1987 And Offender Is On Mandatory Release, Termination Date Is 180 Days Prior To Full Term]
Violation Date .........................**4-18-2006**
Released ................................. **4-11-2006**

Sentence Length............**27 years 18 months (Original); 5475 days (Parole Violator Term)**
Original Offense ............ **Assault while Armed; Attempted Robbery; Distribution of Cocaine**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Failure to Submit to Drug Testing.** Between 4-18-2006 and 12-31-2007, the releasee failed to submit urine specimens on 36 occasions. This charge is based on the information contained in the violation report dated 1-8-2008 from supervising officer Donald Carey.
**I ADMIT [  ] or DENY [  ] this charge.**

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for Opiates on 5-23-2006, 8-2-2006, 8-9-2006, 3-1-2007, 4-6-2007, 11-26-2007 and 11-28-2007 and Cocaine on 3-1-2007, 4-6-2007, 11-26-2007, 11-28-2007 and 1-2-2008.



This charge is based on the information contained in the violation report dated 1-8-2008 from supervising officer Donald Carey and corresponding drug report dated 1-8-2008.

**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 3 - Violation of Special Condition (Drug and Alcohol Aftercare).** The releasee was terminated from Halfway Back on 5-30-2007 for non-compliance and disruptive behavior. This charge is based on the information contained in the violation report dated 1-8-2008 from supervising officer Donald Carey and discharge summaries dated 5-31-2007.

**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 4 - Violation of Special Condition (Drug and Alcohol Aftercare).** The releasee was terminated from The Next Step on 10-29-2007 for non-attendance. This charge is based on the information contained in the violation report dated 1-8-2008 from supervising officer Donald Carey and discharge summaries dated 10-31-2007.

**I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is Required**                    **Warrant Recommended By:**

Warrant Issued.................. **January 28, 2008**        **Stephen T. Nasko, Case Analyst Trainee**
                                                            **U.S. Parole Commission**

Community Supervision Office Requesting Warrant:  **General Supervision Unit IX-Team 14, 1418 Good Hope Road**

---

**EXHIBIT 27**

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Dews, Ivory, Reg. No. 26655-037, DCDC No. 195-508, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 27 years 18 months (Original); 5475 days (Parole Violator Term) for the crime of Assault while Armed; Attempted Robbery; Distribution of Cocaine and was on 4-11-2006 released on parole from D.C. CCM with 4990 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on January 28, 2008

_____
U.S. Parole Commissioner

_____

**Dews, Ivory**        Exhibit ___27___
**Reg. No. 26655-037    DCDC No. 195-508**

**WARRANT For Return Of Prisoner Released To Supervision**

Name: **Dews, Ivory**                    Institution:  D.C. CCM
Reg. No. 26655-037                       DCDC No.  195-508

**UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION**

NOTE: Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

District of _____ *COL* _____ ss:

Received this writ the _*31st*_ day of _*JAN*_, 20_*08*_, and executed same by arresting the within-named _*IVORY DEWS*_ this _*13th*_ day of _*FEBruary*_, 20_*08*_ at _*2PM*_ and committing him to _*DC JAIL*_

*George Walsh*
                                         *U.S. Marshal*
*Robert Byars*
                                         *Deputy Marshal*

Further executed same by committing him to _____

at _____ on _____, 20_____, the institution designated by the Attorney General, with the copy of the warrant and warrant application.

_____
                                         *U.S. Marshal*

_____
                                         *Deputy Marshal*

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

**ACKNOWLEDGEMENT OF SERVICE:**

I have received a copy of the warrant application dated _*January 28, 2008*_

_*Ivory Dews*_ *February 13, 2008*
*Prisoner's Signature*                    *Date*
*(If prisoner refuses to sign, Marshal should so indicate.)*

**Dews, Ivory**
Reg. No. 26655-037    DCDC No. 195-508

**EXHIBIT 28**

# HEARING SUMMARY

**Name: Dews, Ivory**                                                **Reg No: 26655-037**

## Hearing Parameters

Hearing Format ............................: **In Person**

Hearing Type ...............................: **Revocation (Local)**

Hearing Date ...............................: April 10, 2008

Examiner.....................................: Phyllis R. Baker

Institution ....................................: D.C. Correctional Treatment Facility

Second Designation .....................: Unknown

## Sentence Parameters

Sentence Type..............................: **DC Parole Eligible**

MR/Statutory Release Date..........: 1/5/2015

Full Term Date.............................: 12/9/2019

Months in Custody.......................: 2 as of 4/12/2008

Detainer.......................................: None

## Warrant Parameters

Supervision ..................................: **Parole**

Revoking District & Office..........: CSOSA, 1418 Good Hope Road, SE

Warrant Execution Date...............: 2/13/2008

Probable Cause Date.....................: 2/19/2008

**Additional text regarding the above parameters:** None

---

**Prior Action:** See Prehearing Assessment March 6, 2008.

**Counsel:** Tiffany Oldfield of Georgetown University Law Center
111 F Street, NW
Washington, DC

Supervised by Colleen McCrystal
633 Indiana Avenue, NW
Washington, DC

**Witnesses:** Voluntary witness; Phyllis Dews (wife). The subject's wife appeared as a character witness and confirmed that she's been married to the subject for 13 years and they have a 7 and 11 year old

Dews, Ivory, Reg. No. 26655-037                     Pa **Exhibit**  _____28_____

daughters. She described him as a helpful father and husband with whom she shares a favorable relationship. She did take the position that subject is in the need of supervision to "keep him on the right track". This examiner inquired as to how she meant he was not on the right track (what were the signs) and she responded that he "lacks in performance", does not appear happy and maintains this is caused by unemployment.

Donald Carey CSO.

**Procedural Considerations:** None.

**Charges:**

**Charge No. 1 - Failure to Submit to Drug Testing.**
    **Evidence Presented:** The subject admitted the above charge. Counsel spoke on behalf of subject and stated he now realizes he has a problem pertaining to drug use. The subject did seek help at the Good Hope Institute Methadone Program and enrolled in that program 11/28/2007. [Reference is made to page of the RAV reported alleged violation dated 1/8/2008]. Counsel further pointed out the fact that subject provided more testing during the approximate 2 year term of supervision than he had missed test. The subject acknowledges the importance of supervision and since he's been in the Methadone Treatment Program he continues same during his term of custody.

    Though subject did admit failing to the drug testing, there was mitigation provided (above) by counseling which was geared more to making an impact on the recommendation as opposed to whether or not this violation did occur. Based on supporting documentation as well as subject's admission, finding of violation is being made.
    **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
    **Basis:** Your admission to the examiner and supporting documentation.

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.**
    **Evidence Presented:** The subject admitted the above charge. Counsel referenced that her response to Charge No. 1 is also relevant to Charge No. 2.
    **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
    **Basis:** Your admission to the examiner and supporting documentation.

**Charge No. 3 - Violation of Special Condition (Drug and Alcohol Aftercare).**
    **Evidence Presented:** The subject denied the above charge.

The charge alleged that subject was terminated from a Halfway Back Program on 5/30/2007 for non compliance and disrupted behavior. Counsel spoke on subject's behalf and stated that subject left due to medical problems as he has various allergies, asthma and there was a diagnosis of bronchitis. Additionally, counsel maintained that when the discharge summary was written dated (5/31/2007) it was that the staff at the Halfway Back Program had become frustrated with the subject. Counsel maintained that subject's health concerns had been proven to be legitimate that upon his placement at the DC Jail, he was diagnosed with having a Tuberculosis infection along Hepatitis C (documentation provided). Counsel provided progress notes prepared by Addiction Counselor

Archie Lonon for consideration. Upon this examiner's review of the progress notes, there was no compelling information to show that the violation did not occur. There was references made to the fact that the subject had suffered medical appointments, approximately 15 during the stand of 20 days. This examiner also reviewed the discharge summary show that subject at time was verbally combative with staff and was disrespectful to his peers. He also had "heated words" with the Treatment Specialist, Mr. Michael Woodberry. With the numerous doctor appointments would allow subject to be away from the program that behavior alone was sufficient with this charge; however, there was numerous attempts to work with Mr. Dews. Overall, his behavior was viewed as disruptive to the program and staff spent an inordinate amount of time addressing the behavior and reported medical issues before the termination.

**Findings of Fact:**   This examiner finds that the subject violated the conditions of release as indicated in the above charge.

**Basis:**  The supporting documentation, specifically the Discharge Summary, dated 5/31/2007.

## Charge No. 4 - Violation of Special Condition (Drug and Alcohol Aftercare).

**Evidence Presented:**  The subject admitted the above charge.  This violation was based on the subject's termination from the Next Step Program on 10/29/2007 for non attendance. Counsel represented that subject "merely missed four classes" and that he struggled between his home obligations and his supervision obligations. Counsel further reported the subject missed some classes because he chose to work to bring money home for his family. She maintained that subject now knows that he needs to care for himself first and that his supervision is a priority.

As counsel spoke for the subject, this examiner inquired of subject of what he wanted to state during this hearing. The subject maintains that he realizes that he needs to make his supervision his priority and he complimented the efforts of his CSO Donald Carey if he admitted this addiction got in the way of his freedom.

**Findings of Fact:**   This examiner finds that the subject violated the conditions of release as indicated in the above charge.

**Basis:**  Your admission to the examiner and supporting documentation.

**Discipline:** None.

**Release Plans:**  The subject plans to reside with his wife, ███████████ at ███████████ ███████████, in the District of Columbia. He reported he was residing at this residence during his most recent supervision term.

## Guideline Parameters

**Severity Justification:**   Category One because it involved Administrative Violations.

**Salient Factor Score:**   2

**Re-parole Guideline Range:**.............. 12-16

**Evaluation:**  Ivory Dews, age 51, is before the US Parole Commission on his seventh parole revocation. A review of his criminal history dates back to 1979 as a result of an arrest subsequent conviction for an Assault with Intent to Rob and Attempted Robbery. The subject first paroled from a maximum 15 year sentence on October, 1984. Since that time, he has been revoked on six previous occasions (1986, 1988,

1989, 1992, 2002, and 2005). The basis for three of the revocations consisted of new criminal conduct in which he Attempted to Rob a Citizen, was convicted of Distribution of Cocaine, and Petty Larceny.

It was counsel's representation at today's hearing that the 2 months that subject has already served is sufficient sanction for a person who had made an effort to address his drug addiction. This effort commenced in November of 2007. This examiner asked CSO Carey to provide any statements for consideration and the CSO referenced the fact that the subject was conflicted with what was important in his life as it relates to his family being in the community. The CSO tried to work with subject in maintaining a balance between his family obligations and his supervision obligations. He did participate in three to four different Drug Treatment Programs and he would successfully complete those programs but, shortly after leaving the structured program, he would relapse. Though the CSO was aware of the subject's involvement in the Methadone Program it was not the CSO's belief that this was the best course of action for subject to take. The CSO believed that the subject entered the program for the wrong reasons as it was the CSO's intent for subject to enter an Inpatient Program. Nevertheless, the subject understood that when he made the choice to participate in the Methadone Program that any further failure to submit to drug testing or positive drug test showing the substances other than Methadone would not be tolerated. The subject did test positive for cocaine and alcohol on two or three occasions after he entered the Methadone Program. This included 2/6/2008. It was the CSO's hope that subject would acknowledge that the Methadone Program was not working for him but that was never acknowledged.

CSO Carey testified that when he would speak with subject about those concerns subject would maintain that "all is well". It is evident that subject does well in a structured environment but the test comes when he's outside of that environment. CSO Carey sees subject with an anti social attitude about parole and supervision and he calls this frustration to the subject. The subject views parole as intrusive on his life. CSO Carey supervised the subject for approximately 2 years and believed that he established a good rapport with him but, the subject is before the Commission today because the CSO had exhausted all options to assist the subject in addressing his problems. This examiner allowed the subject to respond to the comments of the CSO and overall he maintained his comments were accurate. However, the subject disputes the fact that he is not ready to be in the community and to function in the community. He did acknowledge that he was in denial about this addiction. Upon this examiner questioned the subject about his drug use, he admits that he has used off and on since the age of 17 and heroin is his drug of choice. He did reference treatment that he received in 1992 while in Lorton and the fact that he was able to maintain sobriety upon his release in 1995 until on or around 2001. He admitted that he reverted back to drug use because he was trying to help his twin brother who was using and he ended up hurting himself.

Upon this examiner's review of the Presentence Report it was revealed that drug use began as early as 1971 where subject used multiple substances including PCP, Cocaine, Heroin, Dilaudid, Preludin, and Alcohol. At today's hearing, by his own admission, heroin is his drug of choice. He has been involved in the Criminal Justice System since the age of 22 when he was arrested in 1979 for violent offense. As he is before the Commission at the age of 51, he has been involved in the Criminal Justice System for a total of 29 years. Though it was counsel's recommendation that the sanction of 2 months is sufficient for this offender, this examiner disagrees based on the information considered in total. The subject has had ample opportunity during previous periods of parole supervision to maintain his freedom in the community and complete supervision. During the most current supervision, since April of 2006, he has participated in programs and successfully completed them. This examiner believes the CSO's





assessment of the subject functioning well in a structured environment has added response to supervision has proven that on numerous occasions. It was also evident to this examiner that subject is in denial about his need for drug treatment. He has used for well over 30 years and he is functioning as a user. It does not appear that subject views his addiction as problematic and thus, he has not been amenable to treatment. Though he maintains that his position changed in November of 2007 upon entering a Methadone Program, it is of concern that the Methadone would become his drug of choice. Based on the numerous revocations and the fact that subject does not seem amenable to be successful on supervision, a recommendation at the top of the reparole guideline range is recommended along with the Special Condition of Drug Aftercare.

**Recommendation:** Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive parole on 6/12/2009, after the service of 16 months.

**Conditions:** Special Drug Aftercare.

**Statutory Interim Hearing:** N/A.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

[Signature]


PRB/PAH
April 14, 2008


**Executive Reviewer's Comments:**

**EXHIBIT 29**

U.S. Department of Justice                                  **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: Dews, Ivory                          Institution:   D.C.   Correctional   Treatment
Facility
Register Number: 26655-037
DCDC No: 195-508                           Date:          April 22, 2008

---

As a result of the hearing conducted on April 10, 2008, the following action was ordered:

Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive re-parole on June 12, 2009, after service of 16 months. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

**FINDINGS OF FACT:**

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Failure to Submit to Drug Testing.

Basis: Your admission and supporting documentation

Charge No. 2 - Use of Dangerous and Habit Forming Drugs

Basis: Your admission and supporting documentation

Charge No. 3 - Violation of Special Condition (Drug and Alcohol Aftercare)

Basis: Supporting documentation, specifically the Discharge Summary, dated 5/31/2007

Charge No. 4 – Violation of Special Condition (Drug and Alcohol Aftercare)

Basis: Your admission and supporting documentation

---

Queued: 04-22-2008 12:37:51 BOP-D.C. Correctional Treatment Facility | BOP-Designation & Sentence Computation Ctr |
USPO-Offender Processing Unit, 300 Indiana Avenue | USM-District of Columbia - District Court, D.C. District Court |
FPD-District of Columbia, District of Columbia - DC |

Exhibit _____ 29



**REASONS**:

Your parole violation behavior has been rated as administrative violations of Category One severity. Your salient factor score is 2. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of April 12, 2008, you have been in confinement as a result of your violation behavior for a total of 2 months. Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information, a departure from the guidelines at this consideration is not warranted.

THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:  Designation & Sentence Computation Ctr.
     U.S. Armed Forces Reserve Complex
     Grand Prairie Office Complex
     346 Marine Forces Drive
     Grand Prairie, TX 75051

     U.S. Marshals Service
     District of Columbia - District Court
     333 Constitution Ave., N.W., Room 1400
     Washington, D.C. 20001
     Warrants - Attn: Karen Brown

     U.S. Probation Office
     Offender Processing Unit
     300 Indiana Avenue, N.W. Suite 2070
     Washington, D.C. 20001

     Colleen McCrystal
     Public Defender Service
     District of Columbia
     Special Proceedings Division
     633 Indiana Avenue, N.W.
     Washington, D.C. 20004

Dews 26655-037                                              -2-                          Clerk:  CMB
Queued: 04-22-2008 12:37:51 BOP-D.C. Correctional Treatment Facility | BOP-Designation & Sentence Computation Ctr |
USPO-Offender Processing Unit, 300 Indiana Avenue | USM-District of Columbia - District Court, D.C. District Court |
FPD-District of Columbia, District of Columbia - DC |



## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | Salient Factor Score (SFS-98) (sum of points for A-F above) |



| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Dews 26655-037                                                                 Clerk:    CMB
Queued: 04-22-2008 12:37:51 BOP-D.C. Correctional Treatment Facility | BOP-Designation & Sentence Computation Ctr |
USPO-Offender Processing Unit, 300 Indiana Avenue | USM-District of Columbia - District Court, D.C. District Court |
FPD-District of Columbia, District of Columbia - DC |

**EXHIBIT 30**

```
5H     PAR8H  540*23 *        SENTENCE MONITORING        *      01-17-2008
  PAGE 001          *         COMPUTATION DATA           *      10:40:55
                              AS OF 04-11-2006
```

REGNO..: 26655-037 NAME: DEWS, IVORY


```
FBI NO...........: 362815V3              DATE OF BIRTH: ████████
ARS1.............: CDC/PAROLE
UNIT.............:                       QUARTERS.....:
DETAINERS........: NO                    NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 02-23-2006

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE: 04-11-2006 VIA PAROLE

------------------------PRIOR JUDGMENT/WARRANT NO: 020 ---------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F4446-79,F7643-91
JUDGE...........................: SULLIVAN
DATE SENTENCED/PROBATION IMPOSED: 11-07-1979
DATE WARRANT ISSUED.............: 11-15-2004
DATE WARRANT EXECUTED...........: 12-13-2004
DATE COMMITTED..................: 03-04-2005
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...: PROPERTY: NO SERVICES: NO      AMOUNT: $00.00

------------------------PRIOR OBLIGATION NO: 010 ---------------------------
```
OFFENSE CODE....: 602
OFF/CHG: ASSAULT W/ARMED, ATTPT ROBBERY, DIST COCAINE

  SENTENCE PROCEDURE.............: DC CODE ADULT
  SENTENCE IMPOSED/TIME TO SERVE.:    27 YEARS      18 MONTHS
  NEW SENTENCE IMPOSED...........:  5475 DAYS
  BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
  DATE OF OFFENSE................: 08-10-1979
```

```
   G0002      MORE PAGES TO FOLLOW . . .
```

Exhibit ___30___

Case 1:08-cv-01249-RMC   Document 9-32   Filed 08/20/2008   Page 3 of 8

REGNO..: 26655-037 NAME: DEWS, IVORY
COMP NO: 020      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

FBI NO...........: 362815V3          DATE OF BIRTH: ▆▆▆▆▆▆
ARS1.............: CDC/PAROLE
UNIT.............:                    QUARTERS.....:
DETAINERS........: NO                 NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 02-23-2006

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  04-11-2006 VIA PAROLE

G0002       MORE PAGES TO FOLLOW . . .

Case 1:08-cv-01249-RMC    Document 9-32    Filed 08/20/2008    Page 4 of 8

REGNO..: 26655-037 NAME: DEWS, IVORY
COMP NO: 020       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

-----------------------PRIOR JUDGMENT/WARRANT NO: 020 -----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F4446-79,F7643-91
JUDGE...........................: SULLIVAN
DATE SENTENCED/PROBATION IMPOSED: 11-07-1979
DATE WARRANT ISSUED.............: 11-15-2004
DATE WARRANT EXECUTED...........: 12-13-2004
DATE COMMITTED..................: 03-04-2005
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


G0002       MORE PAGES TO FOLLOW . . .

Case 1:08-cv-01249-RMC   Document 9-32   Filed 08/20/2008   Page 5 of 8

REGNO..: 26655-037 NAME: DEWS, IVORY
COMP NO: 020      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT: $00.00

-------------------------PRIOR OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  602
OFF/CHG: ASSAULT W/ARMED, ATTPT ROBBERY, DIST COCAINE

 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:   27 YEARS      18 MONTHS
 NEW SENTENCE IMPOSED...........:  5475 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: 08-10-1979


G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 26655-037 NAME: DEWS, IVORY
COMP NO: 020        ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS


-------------------------PRIOR COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 04-10-2006 AT DSC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   020 010

DATE COMPUTATION BEGAN..........: 12-13-2004
TOTAL TERM IN EFFECT............: 5475 DAYS
TOTAL TERM IN EFFECT CONVERTED..:   14 YEARS      11 MONTHS      27 DAYS
EARLIEST DATE OF OFFENSE........: 08-10-1979

TOTAL JAIL CREDIT TIME..........: 0

  G0002      MORE PAGES TO FOLLOW . . .

Case 1:08-cv-01249-RMC   Document 9-32   Filed 08/20/2008   Page 7 of 8

REGNO..: 26655-037 NAME: DEWS, IVORY
COMP NO: 020       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS


TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 1799
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 01-05-2015
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 06-12-2019
EXPIRATION FULL TERM DATE.......: 12-09-2019


PAROLE EFFECTIVE................: 04-11-2006
PAROLE EFF VERIFICATION DATE....: 01-31-2006
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PAROLE EFFECTIVE


G0002       MORE PAGES TO FOLLOW . . .

Case 1:08-cv-01249-RMC   Document 9-3   Filed 08/20/2008   Page 8 of 8

REGNO..: 26655-037 NAME: DEWS, IVORY
COMP NO: 020        ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

ACTUAL SATISFACTION DATE........: 04-11-2006
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: CDC
ACTUAL SATISFACTION KEYED BY....: RLW

DAYS REMAINING..................: 4990
FINAL PUBLIC LAW DAYS...........: 0

REMARKS.......: COMP CERTIFIED BY DCRC ON 6/21/2005.
                COMP RECERTIFIED BY CRO 10-26-05
                RELEASE AUDIT CERTIFIED BY DSCC ON 11-21-2005.


G0002       MORE PAGES TO FOLLOW . . .

**EXHIBIT 31**



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**SPECIAL PROCEEDINGS SECTION**

DISTRICT OF COLUMBIA
SPECIAL PROCEEDING BR

**IVORY DEWS,**
     **Petitioner**

2008 APR 14 A 11: 31   Case No. 2008 CNC 123

     **v.**   **FILED:**
                                Judge John R. Hess

**STANLEY WALDREN, Deputy Warden,**   :
**U.S. PAROLE COMMISSION, et. al.,**   :
     **Respondents**   :

**FILED AND DOCKETED**

APR 1 1 2008

THE OFFICE OF
JUDGE-IN-CHAMBERS

**ORDER**

    Upon consideration of the Petitioner's <u>Pro Se</u> Petition For A Writ of Habeas Corpus, the

U.S. Parole Commission's Opposition to the Petitioner's <u>Pro Se</u> Petition For A Writ of Habeas

Corpus, and, for the reasons stated in the U.S. Parole Commission's Opposition, it is hereby

    **ORDERED** that the show cause order as to the United States is discharged, and that the

Petitioner's <u>Pro Se</u> Petition For A Writ of Habeas Corpus is **DENIED**.

    **SO ORDERED** this _11th_ day of _April_, 2008.

John R. Hess
Superior Court Judge

Signed In Chambers

Copies to:

Ivory Dews
DCDC # 195-508
D.C. Central Detention Facility
1901 D Street, S.E.
Washington, D.C. 20003

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530