UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
IVORY DEWS,                                            )
                                                                      )
            Petitioner,                                        )
                                                                      )
      v.                                                           )    Civil Action No. 08-1249 (RMC)
                                                                      )
STANLEY WALDERN, *et al.*,                 )
                                                                      )
            Respondents.                                   )
_____)

### MEMORANDUM OPINION

Petitioner Ivory Dews petitions for a writ of *habeas corpus* [Dkt. No. 1], claiming that he is serving an expired sentence. Respondent United States Parole Commission ("Parole Commission") counters that Mr. Dews has not accounted for the forfeiture of credit for time spent on parole ("street-time credit") each of the eight times that his parole has been revoked. *See* United States Parole Commission's Opposition to Petitioner's Petition for a Writ of *Habeas Corpus* [Dkt. No. 9] at 1. Because, as discussed below, District of Columbia law requires the paroling authority to forfeit a parolee's street-time credit upon the revocation of his parole, no basis exists for issuing the writ. The petition therefore will be denied.[1]

### I. FACTUAL BACKGROUND

On November 7, 1979, the Superior Court of the District of Columbia sentenced Mr. Dews to an aggregate term of seven to 18 years' imprisonment for assault with intent to commit robbery, attempted robbery and carrying a pistol without a license. Parole Comm'n Opp. to Pet. for

---

[1] In a document filed on October 9, 2008 as a supplement to the habeas petition [Dkt. No. 16], Mr. Dews asks this Court to review an apparent ruling of the Superior Court of the District of Columbia. This Court lacks subject matter jurisdiction to review the actions or rulings of other courts. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995).

Writ of Habeas Corpus, Ex. 1.  On October 10, 1984, the D.C. Board of Parole released Mr. Dews to parole supervision until August 10, 1994.  Ex. 2.  On August 26, 1985, the Board revoked Mr. Dews's parole, but reparoled him on September 30, 1985 until March 17, 1995.  Exs. 3, 4, 5.  In the classic revolving door scenario, Mr. Dews was again revoked on May 27, 1986, released to parole on January 13, 1987, revoked on February 22, 1988, released to parole on September 16, 1988, revoked on April 15, 1989, and released to parole on July 31, 1990 until December 24, 1995.  Exs. 7, 8, 10, 11, 13, 14.

On March 23, 1992, while on parole, the Superior Court sentenced Mr. Dews to an aggregate term of four to 12 years' imprisonment for cocaine distribution, to run consecutively to any other sentence.  Ex. 15.  Based in part on Mr. Dews's arrest in the foregoing case, the D.C. Board of Parole revoked his parole on April 24, 1992.  Ex. 17.  Mr. Dews was released again to parole on June 30, 1995 until July 8, 2009.  Ex. 18.  On February 14, 2002, the Parole Commission, having assumed responsibility for D.C. Code offenders, revoked Mr. Dews's parole following a revocation hearing on January 24, 2002 and rescheduled him for parole on April 26, 2002.  Exs. 20, 21.  On that date, the Parole Commission released Mr. Dews to parole supervision until October 16, 2015.  Ex. 22.  On February 3, 2005, the Commission revoked Mr. Dews's parole and rescheduled him for parole on December 12, 2005.  Ex. 24.  On April 11, 2006, the Commission released Mr. Dews to parole supervision until December 9, 2019.  Ex. 25.  On April 22, 2008, the Commission revoked Mr. Dews's parole and rescheduled him for parole on June 12, 2009.  Ex. 29.  Mr. Dews initiated this *habeas corpus* action on July 18, 2008, while confined at the District's Central Detention Facility.

## II. DISCUSSION

District of Columbia prisoners are entitled to *habeas corpus* relief under 28 U.S.C. § 2241 if they establish that their "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District of Columbia law mandates that upon the revocation of parole, "[t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-406(a) (formerly § 24-206). *See U.S. Parole Com'n v. Noble*, 693 A.2d 1084, 1094-1104 (D.C. 1997), *reinstated* 711 A.2d 85 (D.C. 1998) (en banc) (interpreting D.C. Code § 24-206(a) as requiring upon parole revocation the forfeiture of street-time credit); *McKee v. U.S. Parole Com'n*, 214 Fed.Appx. 1, 2 (D.C. Cir. 2006) ("*Noble* provided an authoritative statement of the meaning of D.C. Code § 24-206(a) (1981) that was consistent with the statutory language."); *Campbell v. U.S. Parole Com'n.*, 563 F. Supp.2d 23, 25 (D.D.C. 2008) (discussing "firmly established" precedent) (citations omitted). Thus, upon each of Mr. Dews's parole revocations, the number of days he spent on parole was lawfully rescinded. *See Jones v. Bureau of Prisons*, 2002 WL 31189792, *1 (D.C. Cir., Oct. 2, 2002) ("Under District of Columbia law, appellant cannot receive credit for time on parole, commonly known as 'street time,' after his parole has been revoked . . . and there is no *ex post facto* violation when appellant's sentence was recalculated to exclude any credit previously given for street time.") (Citations omitted.)

"The forfeiture of street time under *Noble* has consistently withstood constitutional challenge," *Morrison v. U.S. Parole Com'n*, 2006 WL 1102805 *3 (citing cases), mainly because District of Columbia prisoners do not have a constitutionally protected liberty interest in parole. *See Ellis v. District of Columbia*, 84 F.3d, 1414, 1415-20 (D.C. Cir. 1996) (neither the Constitution nor

3

the District of Columbia regulations create a liberty interest in parole); accord *Blair-Bey v. Quick*, 151 F.3d 1036, 1047 (D.C. Cir. 1998); *Brandon v. D.C. Board of Parole*, 823 F.2d 644, 648 (D.C. Cir. 1987); *see also Campbell*, 563 F. Supp. 2d at 26-27 (rejecting claim that forfeiture of street-time credit violates the Constitution's *ex post facto*, due process and double jeopardy clauses and the Eighth Amendment's proscription against cruel and unusual punishment). Accordingly, the petition for a writ of *habeas corpus* is denied. A separate final Order accompanies this Memorandum Opinion.

Date: December 5, 2008                              /s/
                                               ROSEMARY M. COLLYER
                                               United States District Judge